**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| | ) | No. 92-675 L |
| Plaintiffs, | ) | Judge Emily C. Hewitt |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

The parties submit this Joint Status Report pursuant to the Court's Order dated July 31, 2002.[1] and the Court's Order dated October 24, 2006.

**I. ONGOING LITIGATION**

1. On January 26, 2006, the Court issued its Opinion, 69 Fed. Cl. 639 (Fed. Cl. 2006), deciding multiple motions and cross motions briefed from August, 2004**,** through October, 2005, and argued by the parties on October 25, 2005.

2. On January 31, 2006, the Court issued three Orders: 1) allowing Plaintiffs' Unopposed Motion to Lodge in this action the Opinion in *Wolfchild v. United States,* No. 03-2684L, 2005 WL 3446266 (Fed. Cl. Dec. 16, 2005); 2) regarding its January 26, 2006 Opinion, directing the parties to cite to the page numbers in the official reporter once it has been released, and in the interim, to the page numbers of the electronic version of the Opinion; and, 3) granting

[1] By the July 31, 2002 Order, the Court lifted the stay in the case and established scheduling deadlines including the filing of "a joint status report on or before September 27, 2002, and every three months thereafter, setting forth in detail the progress of . . . settlement negotiations." In addition, on October 24, 2006, this Court issued a Status Report Order requiring a Status Report to be filed by November 29, 2006.

Defendant's Motion to Supplement the Record with Declaration of Ross O. Swimmer.

3. On September 27, 2006, the Court denied the United States' Motion for Reconsideration.

4. Since the resolution of the Reconsideration Motion, pursuant to the Court's January 26, 2006 Opinion and the Court's April 18, 2006 Order, the parties have been conferring on a "fresh filing of agreed forms and methods of notice to the [Plaintiff] group as shall serve reasonably to publicize the pendency of this action and the opportunity to participate therein" for the Court's consideration. Order (Apr. 18, 2006). At this time, the parties are in substantial agreement on the form and method of a proposed Notice and anticipate being in a position to submit a joint Notice proposal to the Court within the next thirty (30) days or sooner.

## II. STATUS OF NEGOTIATIONS

1. As previously reported, the parties postponed settlement discussions while the motions decided by the January 26, 2006 Opinion, 69 Fed. Cl. 639 (Fed. Cl. 2006), were pending. Since the issuance of the Court's January, 26, 2006 Opinion, the parties have continued their efforts to lay the groundwork for resuming settlement discussions.

2. As previously reported, at a February 14, 2006 meeting held in Washington, D.C., counsel agreed to resume negotiations on the "baseline" (non-investment) transactions for the Pembina Judgment Fund (PJF), primarily to take into account the addition of the White Earth Band of Minnesota Chippewa Indians as a named plaintiff under the January 26, 2006 Order.

3. Plaintiffs' expert is preparing for the United States' review a revised Baseline Transactions Report for the PJF 1964 and 1980 Awards for the time period at least up until September 30, 1992. Plaintiffs have requested additional documents to assist them in preparing the Revised Report. The United States has located certain documents that Plaintiffs have

requested on the White Earth Chippewa Tribe in particular and anticipates providing Plaintiffs with the documents located thus far within the next thirty (30) days.

4. Plaintiffs' expert also is preparing for the United States' review a revised "Partial Preliminary Report of Estimated Damages" that will estimate Plaintiffs' damages in this action based on its accounting and investment claims for the time periods up to the dates just prior to the major distributions of the 1964 and 1980 Awards in October 1984 and May 1988.

5. As previously reported, on August 3-4, 2006, counsel for the parties, agency counsel, Plaintiffs' accounting/investment expert, Kevin Nunes of Rocky Hill Advisors, Inc., and John McClanahan of the Department of the Interior's Office of Historical Trust Accounting ("OHTA"), met in person in Washington, DC, to discuss progress made in identifying and documenting baseline transactions for the 1964 and 1980 Awards. The parties have made substantial progress in documenting baseline transactions associated with the 1964 Award. For negotiation purposes, the parties have resolved all outstanding baseline transactions issues for the 1964 Award through September 30, 1992, and all but two baseline transactions for the period prior to May, 1988 for the 1980 Award. The parties now turn their attention to four groups of baseline transactions for the 1980 Award in the post-May, 1988 period that still require additional documentation or substantiation.

6. As agreed at the August 3-4, 2006 meeting, each side continues to work on a list of agreed-upon tasks intended to narrow the remaining gaps in information or documentation.

7. The parties continue to prepare for their next meeting, which they anticipate holding in January/February, 2007, to discuss their progress in narrowing the gaps in accounting data and documentation, assess the work that remains to be done along those lines, and plan the next stage

in the continuing process of substantiating and documenting remaining transactions as well as the PJF investment history.

DATED: November 27, 2006

Respectfully submitted,

/s/ Melody L. McCoy
MELODY L. McCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
(303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0465
Fax: (202) 305-2021

Of Counsel:
Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor