**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al.,** | ) | |
| **Plaintiffs,** | ) | **No. 92-675 L** <br> **Judge Emily C. Hewitt** |
| **v.** | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**REVISED JOINT STATUS REPORT**

The parties respectfully request leave to submit this Revised Joint Status Report pursuant to the Court's Order dated October 24, 2006 and request that this Report be substituted for the Joint Status Report filed on November 27, 2006.

I. INTRODUCTION

On October 24, 2006, the Court issued a Status Report Order in this action. Before the October 24, 2006 Order, the parties had been filing joint status reports with the Court on a quarterly basis since July 2002. The last quarterly joint status report was filed on September 29, 2006.

The October 24, 2006 Order was filed under the Court's Case Management / Electronic Case Files (CM / ECF) system which took effect for this action on May 5, 2006. Under the CM / ECF system, counsel receive electronic "Notices of Docketing," which indicate case activity. Notices of Docketing have electronic links to the document(s) associated with the activity.

With respect to the October 24, 2006 Status Report Order, both counsel for Plaintiffs and counsel for Defendant focused solely on the electronic Notice of Docketing, which, *inter alia,* directed the parties to file a Joint Status Report on or before November 29, 2006. Following the

pattern established for submitting quarterly reports to the Court, on November 27, 2006, the parties filed a Joint Status Report that addressed recent events regarding and the current status of on-going litigation and settlement negotiations matters. However, both Counsel inadvertently failed to access the electronic link to the actual Order issued by the Court on October 24, 2006, which specified particular matters that the Court desired to be addressed in the next Joint Status Report. Consequently, the Joint Status Report that the parties filed on November 27, 2006 does not address the issues that the Court identified in the October 24, 2006 Order.

Counsel discovered the joint error on December 4, 2006 as they were preparing for the scheduled December 5, 2006 Status Conference with the Court. Having accessed the actual Order of October 24, 2006, Counsel immediately conferred on and drafted this Revised Joint Status Report which they now seek leave to file.

The parties jointly seek leave to substitute this Revised Joint Status Report for the November 27, 2006 Joint Status Report to rectify their inadvertent error and to provide the Court with the information specified by the Court in preparation for the December 5, 2006 Status Conference.

## II. IDENTIFICATION OF INFORMATION AND DOCUMENTATION GAPS AND AGREED-UPON TASKS

The October 24, 2006 Order directs the filing of a Joint Status Report that "identifies the 'remaining gaps in information and documentation' and the 'list of agreed-upon tasks' referred to in the JSR of September 29, 2006, Part II, ¶ 6." Order (Oct. 24, 2006). As reported in the September 29, 2006 Joint Status Report the "information and documentation gaps" and "agreed-upon tasks" resulted from an in-person settlement negotiations meeting regarding the subject of this action, the Pembina Judgment Fund (PJF), held between counsel and their agencies and expert witnesses on

August 3-4, 2006. The information and documentation gaps and agreed-upon tasks discussed at that meeting are summarized as follows: .

1. 1964 Award. For the 1964 Award portion of the PJF, as reported in the September 29, 2006 JSR, at the August 3-4, 2006 meeting, for settlement negotiation purposes, the parties have resolved all outstanding "baseline" (non-investment, *i.e.*, receipts and disbursements) transactions issues for the 1964 Award through the time period ending September 30, 1992 (the end of the Arthur Andersen Tribal Trust Fund Reconciliation Project period).

a. What remains as an information and documentation gap for the 1964 Award is a single transaction beyond the September 30, 1992 period. Plaintiffs' expert has identified an apparent receipt into the account for the 1964 Award occurring on August 11, 1993 of approximately $1,580.00, and Plaintiffs have requested information from Defendant about this transaction. Defendant has agreed to look for source documents that support this transaction.

b. The parties also have agreed that Plaintiffs' expert will prepare a revised report of an estimate of Plaintiffs' claimed damages for the 1964 Award based upon the agreed-upon baseline transactions and an economic model that would be based upon agreed-upon investment indices and portfolios, and Defendant will review and respond to this damages estimate report.

2. 1980 Award.

a. One information and documentation gap for the 1980 Award portion of the PJF consists of baseline transactions regarding the White Earth Band of Minnesota Chippewa Indians. In accordance with the Court's January 26, 2006 Opinion and Order which allowed an amendment to the Complaint to add the White Earth Chippewa Tribe as a named plaintiff in this action, Plaintiffs have requested source documents for the baseline transactions for the 1980 Award through

September 30, 1992 that pertain to the White Earth Chippewa Tribe. Defendant has agreed to provide these source documents, which already have been provided for the other named Tribal Plaintiffs. In addition, Plaintiffs have requested from Defendant copies of the monthly and annual statements of account for the White Earth Chippewa Tribe for the time period October 1, 1992 through December 31, 1995. Defendant has agreed to provide the requested White Earth Chippewa Tribe account statements, which already have been provided for the other named Tribal Plaintiffs.

b. Two baseline transactions for the period before the May 1988 partial per capita distribution of the 1980 Award remain under review by the parties. These two transactions are apparent disbursements from the account for the 1980 Award on April 16, 1980, one in the amount of $90,364.13 80 and one in the amount of $44,813.32, and are identified as "Payment of Expert Witness Loans." For purposes of verifying their validity as baseline transactions for inclusion in an economic model that would estimate Plaintiffs' claimed damages based on their investment claims, Plaintiffs have requested from Defendant source documents pertaining to these transactions, and Defendant has agreed to search for such source documents.

c. If agreement between the parties can be reached on these two aforementioned pre-May 1988 baseline transactions, Plaintiffs have agreed to prepare a revised report of an estimate of Plaintiffs' claimed damages for the 1980 Award based upon the 1980- May 1988 time period, the agreed-upon baseline transactions, and an economic model that would be based upon agreed-upon investment indices and portfolios, and Defendant will review and respond to this damages estimate report.

d. Another information and documentation gap for the 1980 Award consists of twelve (12) transactions that are identified as "Replaced or Transferred Per Capita Checks." These

twelve apparent disbursements from the account for the 1980 Award occurred during the time period February 20, 1990 through September 23, 1992, and total $2,016,185.50. For purposes of verifying their validity as baseline transactions for inclusion in an economic model that would estimate Plaintiffs' claimed damages based on their investment claims, Plaintiffs have requested from Defendant source documents pertaining to and / or a suitable explanation of these transactions, and Defendant has agreed to search for such source documents or to provide such explanation.

e. Another information and documentation gap for the 1980 Award pertains to thirty-nine (39) apparent disbursements to two of the Tribal Plaintiffs (the Turtle Mountain Chippewa Tribe and the Chippewa Cree Tribe) for tribal programming funds under the 1982 PJF Distribution Act. These disbursements occurred between January 1, 1989 and September 10, 1992 and total $9,050,374.59. For purposes of verifying their validity as baseline transactions for inclusion in an economic model that would estimate Plaintiffs' claimed damages based on their investment claims, Plaintiffs have requested from Defendant advice or evidence documents pertaining to these transactions, and Defendant has agreed to search for such documents.

f. Another information and documentation gap for the 1980 Award pertains to baseline transactions for the time period October 1, 1992 through December 31, 1995. While Defendant has provided Plaintiffs with source documents generated by the Arthur Andersen Tribal Trust Fund Reconciliation Project for the time period October 1, 1972 through September 30, 1992, no source documents have been provided for the post-Arthur Andersen time period, and especially the critical time period for the 1980 Award portion of the PJF that encompasses the final per capita distribution which began in 1994. Plaintiffs' expert has identified approximately four hundred eighty-eight (488) potential baseline transactions – totaling millions of dollars – during the October

1, 1992 - December 31, 1995 time period, excluding any transactions relative to the White Earth Chippewa Tribe whose account statements for this time period have yet to be reviewed by Plaintiffs as discussed above. At the August 3-4, 2006 meeting, the parties agreed that Plaintiffs would attempt to sort and scope these potential baseline transactions based on the information already available to Plaintiffs and that Plaintiffs would submit a request to Defendant for source documents based on this sorting and scoping. Defendant has agreed to review and respond to this request.

g. Another information and documentation gap for the 1980 Award pertains to the final per capita distribution of the Award which began in 1994. Plaintiffs have requested and Defendant has agreed to search for information and documentation pertaining to this activity in the account for the 1980 Award portion of the PJF, and to share such information with Plaintiffs.

h. Depending on the outcome of the agreed-upon tasks and further settlement negotiations meetings identified above, the parties have agreed to consider whether Plaintiffs should prepare a revised report of an estimate of Plaintiffs' claimed damages for the 1980 Award based upon the 1980-1995 time period (rather than just the 1980 -May 1988 time period) for Defendant's review and response.

DATED: December 5, 2006

Respectfully submitted,

/s/ Melody L. McCoy
MELODY L. MC COY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
(303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0465
Fax: (202) 305-2021

Of Counsel:
Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor