IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 92-675 L |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL JOINT STATUS REPORT AND DEFENDANT'S UNOPPOSED REQUEST FOR LEAVE TO SUBMIT ADDITIONAL RELEVANT INFORMATION**

## I. INTRODUCTION

During the status conference call on December 5, 2006, the Court directed the parties to file a supplemental joint status report, on or before December 15, 2006, on certain issues and scheduling matters that had been discussed during the call. In accordance with the Court's direction, the parties submit the following supplemental report.

Further, as explained below, Defendant expects that, over the next several weeks, it will develop additional or updated information relating to the issues and scheduling matters addressed during the December 5, 2006 conference call and in this supplemental status report. Defendant expects that such additional information will be of interest to the Court and Plaintiffs. Therefore, Defendant respectfully requests leave of the Court to submit a second supplemental status report on or before January 19, 2007. Counsel for the parties have conferred about Defendant's request for leave. Plaintiffs do not oppose Defendant's request.

## II. ADDITIONAL INFORMATION ABOUT CERTAIN AGREED-UPON TASKS

As discussed with the Court during the December 5, 2006 status conference, the parties have conferred, and, based thereon, they provide the following additional information about certain agreed-upon tasks relating to the issues identified in the parties' revised joint status report, dated December 5, 2006, and discussed during the December 5 status conference.

1. With respect to the 1964 Award:

a. Plaintiffs and their consultant will prepare and submit to Defendant a revised report setting forth Plaintiffs' estimated claimed damages relating to the 1964 Award, on or before January 31, 2007. This revised report will be based on the agreed-upon baseline transactions and an economic model using such investment indices and portfolios that Plaintiffs and their expert believe are appropriate to their issues and claims herein; and

b. Defendant will review and provide its response to Plaintiffs' revised claimed damages estimate report, on or before May 30, 2007.

2. With respect to the 1980 Award:

a. Defendant will provide to Plaintiffs the requested White Earth Chippewa Tribe's account statements and source documents, in electronic format, on or before December 28, 2006;

b. If the parties can reach agreement by February 13, 2007, about the two outstanding pre-May 1988 baseline transactions, Plaintiffs will prepare and submit to Defendant, on or before March 16, 2007, a revised report setting forth Plaintiffs' estimated claimed damages relating to the 1980 Award. This revised report will be based on the 1980-May 1988 period; the agreed-upon baseline transactions; and an economic model using such investment indices and

portfolios that Plaintiffs and their expert believe are appropriate to Plaintiffs' issues and claims herein; and

c. Defendant will review and provide its response to Plaintiffs' revised claimed damages estimate report, on or before June 29, 2007; and

d. With respect to the 488 potential baseline transactions identified by Plaintiffs for the October 1, 1992-December 31, 1995 period, Plaintiffs will sort and scope these transactions, using the information already available to them, as follows: they will (1) separate potential intra-bureau transfers from potential receipts and disbursements; (2) separate potential per capita related transactions from potential Tribal programming transactions; and (3) sort transactions by dollar amount. Based on their sorting and scoping, Plaintiffs will prepare and submit to Defendant a revised written request for source documents for potential baseline transactions for this time period, on or before January 31, 2007. After Defendant has received this revised request, Defendant will inform the Court of the date by which it will respond to Plaintiffs' source document request.

## III. OTHER RELEVANT MATTERS

1. The parties view the proper identification of certain individual named Plaintiffs as an additional outstanding issue to be addressed as soon as practicable in this case.

2. To date, there has been no formal discovery on any of the issues and claims in this case.[1] In particular, there has been no formal (or informal) discovery regarding the investment issues. The parties foresee a need for formal discovery, including (but not limited to) requests for production of documents and depositions of expert and potential fact witnesses, on such investment

[1] There has been only informal discovery on account transactions and source document issues.

issues.

3. The parties believe that, in addition to the discovery referenced in Paragraph 2 above, a ruling by the Court on the investment standard that applies in this case would be useful, desirable, and appropriate. The parties believe that, among other things, such a ruling at the appropriate time would help in further framing the issues and claims for settlement, mediation, and/or trial. Therefore, if the Court agrees, the parties will confer and provide to the Court, at that time, a jointly proposed schedule for the briefing and submission of the investment standard issues to the Court for adjudication.

4. At the appropriate juncture, the parties will consider the possibility of referring this case to a settlement judge, formal mediation, or other Alternative Dispute Resolution (ADR) proceedings, and inform the Court thereafter of their determination. In the interim, the parties will continue with their informal settlement negotiations. To that end, the parties are tentatively planning to conduct their next settlement meeting on February 12-13, 2007, in Washington, D.C.

## IV. DEFENDANT'S UNOPPOSED REQUEST FOR LEAVE TO SUBMIT UPDATED PERTINENT INFORMATION ON OR BEFORE JANUARY 19, 2007

Defendant requests leave to provide, on or before January 19, 2007, certain additional information requested by the Court regarding Defendant's projected dates for its production of additional source documents. The basis for Defendant's request is as follows.

At the December 5, 2006 status conference, the Court directed the parties to file a supplemental status report, providing, *inter alia*, projected or estimated completion dates for exchanging information narrowing the "remaining gaps in information and documentation" and estimating completion dates for the "list of agreed-upon tasks" described in the parties' last revised

joint status report. *See* Revised Joint Status Report, dated December 5, 2006, at Section II, ¶¶ 1, 2.

After the December 5th status conference, Defendant's counsel began discussions with the Department of the Interior ("Interior")—specifically, the Office of Historical Trust Accounting (OHTA) and the Office of the Solicitor—about the exchange of account data and information and the related work that remains to be done by OHTA. To date, these discussions have been only preliminary, however, because of various unforeseen complications. Undersigned counsel for Defendant and key OHTA personnel were preoccupied with mediation proceedings in an unrelated Court of Federal Claims case, during the week of December 5, 2006. Additionally, key personnel at OHTA and the Solicitor's Office were unavailable for several days during the week of December 11, 2006, because of meeting conflicts in yet another unrelated Court of Federal Claims case and of illness, respectively. As a result, Defendant's counsel has not yet had an opportunity for an appropriately detailed discussion with key agency personnel about the remaining work, which discussion is required in order to formulate a basis for projecting reasonable production dates. Defendant's counsel is setting up a meeting with the Solicitor's Office and OHTA representatives, as well as any other personnel who will work on or be involved in the remaining work, to discuss the requisite work tasks and develop reasonable projected dates for the completion of the tasks. Given the intervening federal holidays and pre-existing annual leave plans of undersigned counsel and of relevant personnel, it appears that Defendant's counsel should be able to convene such a meeting in or around the first week of January, 2007. Given the need to develop, review, vet, and obtain agency approvals of any projected completion dates, Defendant proposes that it be allowed to provide such projected dates to the Court and Plaintiffs, by way of a second supplemental status report, on January 19, 2007.

As noted above, counsel for the parties have conferred about the foregoing request for leave, and counsel for Plaintiffs has stated that Plaintiffs do not oppose the request.

On the one hand, granting this unopposed request will not unduly prejudice the rights and interests of the parties herein. On the other hand, denying this request will prevent Defendant from submitting well-informed and well-considered projected dates for the completion of certain tasks that are significant to the orderly progression of not only the parties' informal settlement discussions but also the continued litigation of this case.

Wherefore, Defendant respectfully asks that the Court grants its unopposed request.

Respectfully submitted on this 15th day of December, 2006,

*/s/ Melody L. McCoy*
MELODY L. MCCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Fax (303) 443-7776

*/s/ Carol L. Draper*
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 305-2021

OF COUNSEL:

Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor