IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 92-675 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

## I. INTRODUCTION

The parties submit this Report to apprize the Court of developments following the December 18, 2006 Status Conference in advance of the February 6, 2007 Status Conference. As detailed below, the parties have exchanged additional information pursuant to their continuing efforts to lay the groundwork for meaningful settlement discussions later this year.

## II. DOCUMENTS AND INFORMATION EXCHANGED

1. On December 28, 2006, as the parties had agreed, Defendant provided Plaintiffs with CD-ROMs containing account statement data validation materials for Pembina Judgment Fund (PJF) accounts held for the White Earth Chippewa Band (White Earth).

There is no dispute about the materials provided. The parties do, however, request the Court's assistance in clarifying the record on one point. In describing the materials that were to be provided as "source documents covering baseline transactions,"[1] the parties may have inadvertently misstated to the Court the scope of the materials provided. What the parties intended to indicate and what the

[1] *See* Revised Joint Status Report (RJSR), ¶ 2(a) (Doc. No. 269, filed December 5, 2006).

Defendant did in fact provide, consistent with the parties' mutual understanding, were only the account statement data validation materials for the White Earth PJF accounts contained on the requested CD-ROMs. The parties therefore respectfully request that the Court modify the record to indicate the scope of the materials actually requested and provided.

2. Consistent with the December 19, 2006 Order and instructions from the Court, on January 19, 2007, Defendant provided Plaintiffs with a Supplemental Status Report providing additional information on its search for additional source documents relating specifically to transactions described in paragraphs 2(d), 2(3) and 2(g) of the RJSR. Defendant's Supplemental Report outlined the transactions that remain at issue in Plaintiffs' view, and described in detail the methods and steps it is undertaking to locate additional source documents requested by the Plaintiffs to complete their work verifying baseline transactions for the 1980 Award. Briefly, Defendant reported to Plaintiffs on the following:

A. Plaintiffs have identified alleged gaps in the documentation for twelve (12) transactions totaling $2,016,185.50, entered between February 20, 1990 and September 23, 1992, and described as "Replaced or Transferred Per Capita Checks" (Per Capita Group). (*See* RJSR, ¶ 2(d).) One issue that Plaintiffs raise is whether Bureau of Indian Affairs (BIA) Form 4285 has replaced or can appropriately be substituted for Form BF-349.[2] Defendant has agreed to provide a form of confirmation on the substitution of BIA Form 4285 for BF-349, on or before March 30, 2007.

The other issues that Plaintiffs raise with respect to the Per Capita Group require a more extensive search for additional trust records, and Defendant is pursuing several avenues in an effort

[2] Plaintiffs raise this same issue at to the Program Fund Transactions, *see* ¶ 2(B) below, and it will be addressed in the same manner.

to locate the remaining source documents that Plaintiffs seek. Defendant will provide Plaintiffs with an interim status report on its search efforts for documents linked to the Per Capita Group on or before May 30, 2007, and will provide any relevant documents that it has located on or before August 3, 2007. [3]

Defendant's search efforts include accessing and reviewing documents gathered for a separate and on-going reconciliation project relating to certain PJF Tribal and special deposit accounts (SDA) held for the Turtle Mountain Band of the Chippewa Cree Indians (Turtle Mountain). Eleven of the twelve transactions in the Per Capita Group involve Turtle Mountain PJF accounts.[4] Consequently, documents gathered for the Turtle Mountain check reconciliation project may resolve or provide leads on additional documents relevant to the Per Capita Group. Documents gathered for the Turtle Mountain check reconciliation project are currently being scanned and coded to facilitate review and retrieval. When that process is complete, Defendant will search the scanned images for source documents responsive to Plaintiffs' request relating to the Per Capita Group.

Defendant also recently completed scanning and coding a box of documents relating to the 1980 Award per capita payments Final Distribution that was retrieved from the American Indian Records Repository (AIRR). Defendant is now initiating the appropriate privilege and confidentiality reviews and will provide Plaintiffs with relevant non-privileged documents, subject to appropriate

---

[3] For purposes of this Joint Status Report, Plaintiffs agree that in its Supplemental Status Report to Plaintiffs submitted January 19, 2007, Defendant states that it will provide any relevant documents yielded by its search "on or before August 15, 2007." Plaintiffs, however, do not agree that this is a reasonable time frame for Defendant to be allowed to respond to the issues raised by Plaintiffs.

[4] The twelfth transaction relates to a PJF account held for the Little Shell Band of Chippewa Indians.

confidentiality restrictions, on or before May 18, 2007.[5]

B. Plaintiffs have identified alleged gaps in the documentation for thirty-nine (39) transactions (Program Fund Transactions) entered between January 1, 1989 and September 10, 1992, representing disbursements of Tribal program funds to the Chippewa Cree Tribe of the Rocky Boy's Reservation (Rocky Boy's) and Turtle Mountain. The Program Fund Transactions total $9,050,374.59. (*See* RJSR, ¶ 2(e).)

Defendant is exploring several avenues that may yield the additional information and documentation that Plaintiffs seek. Defendant will provide Plaintiffs with an interim status report on its search efforts relating to the Program Fund Transactions on or before May 30, 2007, and will provide any relevant documents that it has located on or before August 15, 2007.[6]

To the extent that Plaintiffs seek confirmation not just that a Tribal program funds disbursement was authorized to be made, but proof that it was actually made for purposes of establishing the timing of baseline transactions for an economic investment model, Defendant, in the course of its normal business practices, may not have ever received proof of deposit, and therefore would not be able to provide any such documentation. Defendant, however, continues to pursue efforts to obtain proof of the timing for these transactions, including through such means as copies of bank account statements for Rocky Boy's and Turtle Mountain accounts from January 1, 1989 through September 10, 1992, to see whether the bank statements include deposits matching the Tribal program funds disbursements. To this end, Defendant has renewed requests for Turtle Mountain's and Rocky Boy's bank account statements. Plaintiffs to date have provided Defendant with the

---

[5] See fn 3, *supra.* for Plaintiffs' position regarding the timing of this point.

[6] *See* fn 3, *supra*, for Plaintiffs' position regarding the timing of this point.

names of the banks where Turtle Mountain and Rocky Boys maintained accounts from 1989 to 1992.

3. On January 31, 2007, Plaintiffs provided Defendant with a revised report for settlement purposes on Plaintiffs' estimated damages claims for the 1964 Award. Plaintiffs provided the report and underlying data in pdf format and Defendant has requested a set of the underlying data (the agreed-upon baseline transactions) that Plaintiffs relied upon in its native format, *e.g.,* an Excel or Access spreadsheet, so that Defendant can appropriately analyze and verify the transaction data that Plaintiffs relied upon in their calculations.

4. On February 2, 2007, Plaintiffs presented Defendant with a revised list of potential baseline transactions for the 1980 Award for the time period 10/01/92 - 12/31/95 for which the Plaintiffs request source documents to test the validity of the transactions. Defendant is now considering the revised list and Plaintiffs' request for additional source documents related to the 374 (a figure down from 488 due to Plaintiffs' sorting and scoping efforts) transactions.

Respectfully submitted on this 2nd day of February, 2007.

/s/ Melody L. McCoy
MELODY L. MCCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Of Counsel:

Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor