IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 92-675 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | April 16, 2007 |
| Defendant. | ) | |

**JOINT STATUS REPORT**

This Joint Status Report is submitted pursuant to the Court's Order of March 16, 2007, (para. 4). In support of this Joint Status Report, the parties submit the following:

**I. BACKGROUND**

1. The Plaintiff Group, consisting of the beneficiaries of the 1964 and 1980 Pembina Judgment Fund ("PJF") Awards and their heirs, descendants, and successors-in-interest, and the Defendant, the United States of America, continue to be engaged in settlement negotiations with the objective of resolving Plaintiffs' PJF trust management claims.

**II. SPECIFIC MATTERS REQUIRED TO BE ADDRESSED BY MARCH 16, 2007 ORDER**

1. Paragraph 4(a) of the March 16, 2007 Order directs the parties to report on "[a]ny unresolved matters concerning the declarations (explanation of the GOALS reports) defendant will provide regarding 10 of the 12 Per Capita Group transactions." On April 3, 2007, Defendant provided Plaintiffs with the "Declaration of Lisa D. Travis" regarding the GOALS reports previously provided by Defendant to Plaintiffs. Plaintiffs have reviewed this Declaration and

have informed Defendant that they are satisfied, at least for settlement purposes, with this Declaration as an explanation of the GOALS reports. Thus, for settlement purposes there are no unresolved matters concerning the Declaration provided by Defendant regarding the GOALs reports. On April 9, 2007, however, Plaintiffs informed Defendant for the first time that seven (7) of the twelve (12) Per Capita Group baseline transactions at issue for this time period of the 1980 Award are not on the GOALS reports previously provided by Defendant to Plaintiff. Defendant has agreed to search for the additional GOALS reports or other suitable substitute Advice or Evidence of these 7 transactions. For settlement purposes, Plaintiffs will not request from Defendant any further validating source documents on these 12 transactions.

In addition, on April 9, 2007, Plaintiffs and Defendants discussed again the "timing" issue, which is separate from the validity issue, of these 12 Per Capita Group transactions, and which, in Plaintiffs' view, must be resolved before the transactions can be included in Plaintiffs' economic model for this time period (June 1988 - September 1992) of the 1980 Award. The parties have agreed to revisit this timing issue after Defendant's contractor has made further progress regarding her research in Aberdeen, South Dakota.

2. Paragraph 4(b) of the March 16, 2007 Order directs the parties to provide an "update of the parties efforts to locate relevant documentation 'of the 39 Tribal programing transactions, specifically addressing the possibility of Plaintiffs' coordinating some part of the effort with Tribal officials." The parties have resolved for settlement purposes all outstanding issues with regard to these 39 tribal programming transactions for this time period (June 1988 - September 1992) of the 1980 Award.

## III. ADDITIONAL MATTERS TO BE ADDRESSED BASED ON THE MARCH 16, 2007 ORDER AND PREVIOUS ORDERS

1. Pursuant to ¶ 1 of the March 16, 2007 Order, on March 30, 2007, Plaintiffs provided to Defendant a revised report concerning the economic model for the 1980 Award for the time period March 1980 - May 1988. Pursuant to ¶ 2 of the March 16, 2007 Order, Defendant will review and provide its response to this report on or before Friday, July 13, 2007.

2. Pursuant to ¶ 2 of the Order of February 16, 2007, on April 13, 2007 Plaintiffs transmitted to Defendant for delivery on April 16, 2007 the remaining Exhibits (Nos. 2-6 and 8-10) to Plaintiffs' Economic Model for the 1964 Award in native file format. Due to the time that Plaintiffs took in providing these Exhibits to Defendant, the parties have agreed that Defendant's deadline for responding to the 1964 Award Economic Model should be extended from May 30, 2007, as set by ¶ 1(c) of the Order of December 19, 2007, to July 2, 2007. The parties also submit that they are very close to finalizing for joint submission to the Court a "Proposed Protective Order for the Confidentiality of Settlement Materials."

3. Pursuant to ¶ 2 of the February 16, 2007 Order, on March 27, 2007 Defendant provided to Plaintiffs data regarding the PJF 1980 Award baseline transactions for the time period Janury 1, 1996 to December 31, 2006.

4. Pursuant to ¶ 6 of the February 16, 2007 Order, on March 30, 2007, Plaintiffs provided Defendant with a "Further Revised Supporting Documentation Request for Baseline Transactions in the PJF 1980 Award for the time period 10/1/92 - 12/31/95" that includes potential baseline transactions for the White Earth Chippewa Tribe for this time period. The parties continue to discuss various approaches to resolving this request of Plaintiffs.

5. Pursuant to ¶ 1(a) of the Order of February 7, 2007, on March 12, 2007, Plaintiffs provided Defendant with an oral report on the status of six (6) White Earth Chippewa Tribe baseline transactions for the PJF 1980 Award time period June 1988 - September 1992. Plaintiffs told Defendant of their intent to request supporting documentation for these 6 transactions. On April 9, 2007, Plaintiffs confirmed this request to Defendant in writing. Defendant is considering this request.

6. Pursuant to ¶ 1(b) of the February 7, 2007 Order, as modified by ¶ 1(b)(ii) of the March 16, 2007 Order, with respect to the production by Defendant of relevant non-privileged documents related to the 1980 Award Final Per Capita Distribution in 1994, Defendant continues to work toward meeting the production deadline of May 31, 2007.

7. Pursuant to ¶ 3 of the December 19, 2007 Order, as modified by ¶ 2 of the February 7, 2007 Order, on April 13, 2007 Plaintiffs filed an Unopposed Motion to file a Third Amended Complaint which Plaintiffs believe correctly identifies seven individual named plaintiffs and their PJF beneficiary group affiliations who were inadvertently misidentified in the Second Amended Complaint. In light of this Court's ruling under 28 U.S.C. § 1505, the parties would like to discuss with the Court at the April 30, 2007 status conference the continued necessity of making such filings under seal.

8. The parties anticipate meeting in person in Washington, D.C. on May 7 or 8, 2007 with the goal of advancing their progress in on-going settlement negotiations.

9. Among the new or additional topics that the parties would like to address with the Court during the April 30, 2007 status conference is referral of this case to a settlement judge or Alternative Dispute Resolution program.

10. Defendant respectfully requests that the Status Conference currently scheduled for April 30, 2007 at 2:00 p.m. EST be rescheduled to the morning of April 30, 2007. Plaintiffs have no objection to this request. The change in time is requested because Defendant's counsel will be out of the office on work travel beginning mid-day on April 30, 2007 due to a scheduling change that occurred after the currently scheduled date and time were set by the Court.

Respectfully submitted on this 16th day of April, 2007.

/s/ Melody L. McCoy
MELODY L. MCCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Of Counsel:

Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor