# In the United States Court of Federal Claims

No. 92-675 L

(E-Filed: May 1, 2007)

| | |
|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Further to the telephonic status conference (TSC) with the parties held on April 30, 2007, the court orders the following, which supplements the court's previous orders of December 19, 2006, February 7, 2007, and February 16, 2007, and March 16, 2007:[1]

1. Further to the court's Order of March 16, 2007, defendant shall, on or before Thursday, May 31, 2007, provide plaintiff with the relevant non-privileged documents related to the 1980 Award per capita payments Final Distribution. In addition, defendant shall provide plaintiff with a privilege log describing any relevant documents withheld on the basis of privilege and the basis for the invocation of the privilege in question.

[1]This order was prepared without the aid of a transcription of the TSC. If the parties believe that any aspect of the order is inconsistent with the TSC, they are requested to contact chambers by a joint telephone call and so advise.

2. Plaintiffs shall provide to defendant, on or before Friday, May 4, 2007, the seven exhibits, in native format, for the economic model for Phase 1 with respect to the 1980 Award, which covers the period March 1980 through May 1988.

3. Further to the parties' joint status report (JSR) filed on April 16, 2007, defendant shall submit to plaintiff, on or before Monday, July 2, 2007, its written response to plaintiffs' economic model for the 1964 Award. Defendant's written response shall identify with specificity those aspects of the model with which defendant agrees and those aspects of the model with which defendant disagrees, and shall explain the basis for each point of disagreement.

4. Further to the parties' JSR, defendant shall file a status report, on or before Monday, May 14, 2007, describing its efforts to locate relevant documents concerning seven of the twelve Per Capita Group baseline transactions not included in the GOALS report and a proposed deadline for submission of these documents to plaintiff.

5. Defendant shall file its answer to plaintiffs' Third Amended Complaint on or before Tuesday, June 12, 2007.

6. On or before Wednesday, June 20, 2007, the parties shall file a JSR describing a reasonable plan to provide plaintiffs with responses to their requests for documentation concerning the baseline transactions for the PJF 1980 Award for the time period October 1, 1992 to December 31, 1995. If the parties cannot develop a reasonable plan for supplying these documents to plaintiffs, plaintiffs shall utilize discovery mechanisms as provided in the Rules of the United States Court of Federal Claims (RCFC). A failure to use discovery mechanisms resulting in unreasonable delay of resolution of this matter, including preparation for trial, could result in a dismissal of some portion of plaintiffs' claims for failure to prosecute. The court reminds the parties that this case was filed in 1992 and no portion of it has so far been resolved. In addition, plaintiffs have filed no motion seeking the aid of the court in obtaining discovery.

7. During the April 30, 2007 TSC, the parties requested that the protective order imposed on January 29, 1997, be lifted. The court GRANTS the parties' request to LIFT the January 29, 1997 protective order. The protective order is of no further force and effect.

8. The court will hold a telephonic status conference on Wednesday, June 27, 2007 at 2:00 p.m. EDT that will include further discussion of the matters addressed in this

order and the possibility of engaging in an alternative dispute resolution process. A Sprint operator will initiate the call.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge