**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| Chippewa Cree Tribe of the Rocky Boy's Reservation, *et al.*, Plaintiffs | No. 92- 675 L<br>Judge Emily C. Hewitt |
| v. | |
| United States of America, Defendant | **ANSWER TO THIRD AMENDED COMPLAINT** |

Defendant United States of America hereby submits the following Answer to the Third Amended Complaint.[1/] Defendant specifically denies each and every allegation of the Third Amended Complaint that is not otherwise expressly admitted, qualified, or denied in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiffs' Third Amended Complaint

**Nature of Action**

1. The allegations in paragraph 1 constitute Plaintiffs' characterizations of this suit and/or legal conclusions to which no response is required. To the extent that a response may be required, the allegations in paragraph 1 are denied. Further, Defendant avers that the term "Pembina Judgment Fund" refers to Awards issued by the Indian Claims Commission ("ICC") in 1964 and 1980 to descendants of the Pembina Band of Indians ("Pembina Band"), held by the Defendant until the 1964 and 1980 Awards were distributed to beneficiaries pursuant to the 1971 Distribution Act, Pub. L. No. 92-59, 85 Stat. 158, codified at 25 U.S.C. §§ 1241-1248 and the

[1/] Although Plaintiffs' Third Amended Complaint was filed under seal, pursuant to paragraph 7 of the Court's Order dated May 1, 2007, Defendant is not required to file the Answer under seal.

1982 Distribution Act, Act of December 31, 1982, Pub. L. No. 97-403, 96 Stat. 2022 respectively.

**Jurisdiction**

2. Paragraph 2 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

**Parties**

3. The allegations in sentence 1 are admitted. The allegations in sentence 2 of paragraph 3 are denied as stated. Defendant avers that the Turtle Mountain Band of Chippewa Indians ("Turtle Mountain") is a beneficiary of a twenty-percent share of the 1980 Award, as described in and defined by the 1982 Distribution Act.

4. The allegations in sentence 1 are admitted. The allegations in sentence 2 of paragraph 4 are denied as stated. Defendant avers that the Chippewa Cree Tribe of the Rocky Boy's Reservation ("Rocky Boy's") is a beneficiary of a twenty-percent share of the 1980 Award, as described in and defined by the 1982 Distribution Act.

5. The allegations in sentence 2 are admitted. The allegations in sentences 1 and 3 of paragraph 5 are denied as stated. Defendant avers that the Little Shell Tribe of Chippewa Indians of Montana ("Little Shell") is not a federally-recognized Indian Tribe. Defendant further avers that Little Shell is a beneficiary of a twenty-percent share of the 1980 Award, as described in and defined by the 1982 Distribution Act.

6. The allegations in sentence 1 are admitted. The allegations in sentence 2 of paragraph 6 are denied as stated. Defendant avers that the White Earth Band of Chippewa

Indians of Montana ("White Earth") is a beneficiary of a 20% trust fund derived from the 1980 Pembina Judgment Fund Award. as described in and defined by the 1982 Distribution Act.

7. As to sentences 1 through 8 of paragraph 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding Marie Elma Wilkie Davis, also allegedly known as Marie Elma Wilkie and Elma Marie Wilkie. Defendant avers, however, that its records indicate that Elma Marie Wilkie was a per capita beneficiary of the 1964 Award as a member of Turtle Mountain. The allegations in sentence 9 are characterizations and conclusions of law to which no response is required.

8. Defendant admits the allegations in sentences 1 through 3 of paragraph 8 regarding Robert S. DeCoteau. As to sentences 4 and 5 of paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 6 are characterizations and conclusions of law to which no response is required.

9. As to sentences 1 through 5 of paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding Lola Greatwalker, also allegedly known as "Lola Inez Chavez," "Lola Ines Chavez," "Lola Inez Grant," and "Lola Ines Grant. The allegations in sentence 6 are characterizations and conclusions of law to which no response is required.

10. Defendant admits the allegations in sentences 1 through 3 of paragraph 10 regarding Andrew Laverdure. As to sentences 4 through 6 of paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 7 are characterizations and conclusions of law to which no response is

required.

11. Defendant admits the allegations in sentences 1 through 3 of paragraph 11 regarding Elizabeth Laverdure. As to sentences 4 through 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 8 are characterizations and conclusions of law to which no response is required.

12. Defendant admits the allegations in sentences 1 through 3 of paragraph 12 regarding Francis Cree. As to sentences 4 through 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 9 are characterizations and conclusions of law to which no response is required.

13. Defendant admits the allegations in sentences 1 through 3 of paragraph 13 regarding Carol Ann Davis. As to sentences 4 through 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 9 are characterizations and conclusions of law to which no response is required.

14. Defendant admits the allegations in sentences 1 through 3 of paragraph 14 regarding Andrea Laverdure. As to sentences 4 through 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 7 are characterizations and conclusions of law to which no response is required.

15. Defendant admits the allegations in sentences 1 through 3 of paragraph 15 regarding William S. Morin. As to sentences 4 through 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 7 are characterizations and conclusions of law to which no response is required.

16. Defendant admits the allegations in sentences 1 through 3 of paragraph 16

regarding Leslie Ann Wilkie Peltier. As to sentences 4 through 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 8 are characterizations and conclusions of law to which no response is required.

17. Defendant admits the allegations in sentences 1 through 3 of paragraph 17 regarding Barbara Poitra. As to sentences 4 through 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 8 are characterizations and conclusions of law to which no response is required.

18. Defendant admits the allegations in sentences 1 through 3 of paragraph 18 regarding Kenneth Zane Blatt. As to sentences 4 through 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 8 are characterizations and conclusions of law to which no response is required.

19. Defendant admits the allegations in sentences 1 through 3 of paragraph 19 regarding Josephine Oats Corcoran. As to sentences 4 through 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 8 are characterizations and conclusions of law to which no response is required.

20. Defendant admits the allegations in sentences 1 through 3 of paragraph 20 regarding Yvonne Marie Rosette Hill. As to sentences 4 through 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 8 are characterizations and conclusions of law to which no response is required.

21. Defendant admits the allegations in sentence 1 of paragraph 21 regarding Charlene Big Knife. Defendant denies the allegations in sentences 2 and 3 of paragraph 21. As to sentences 4 through 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 7 are characterizations and conclusions of law to which no response is required.

22. Defendant admits the allegations in sentences 1 through 3 of paragraph 22 regarding Larry Joseph Morsette. As to sentences 4 through 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 7 are characterizations and conclusions of law to which no response is required

23. Defendant admits the allegations in sentences 1 through 3 of paragraph 23 regarding William Dallas Wade Sunchild. As to sentences 4 through 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 8 are characterizations and conclusions of law to which no response is required

24. Defendant admits the allegations in sentences 1 through 3 of paragraph 24 regarding Carol Doney Hoefeldt. As to sentences 4 and 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 6 are characterizations and conclusions of law to which no response is required

25. Defendant admits the allegations in sentences 1 through 3 of paragraph 25 regarding Ethel Salois McKnight. Defendant is without information sufficient to form a belief as to the truth of Plaintiffs' allegations in sentences 4 through 7 of paragraph 25. The allegations in sentence 8 are characterizations and conclusions of law to which no response is required.

26. Sentence 1 of paragraph 26 alleges a conclusion of law to which no response is required. Defendant is without information sufficient to form a belief as to whether Frances Marie Vosecka was also known as Frances Vasecka, as alleged in sentence 2 of paragraph 26. Defendant admits the remaining allegations in sentence 2 of paragraph 26. Defendant is without information sufficient to form a belief as to the allegations stated in sentence 3 of paragraph 26. The allegations in sentence 4 are characterizations and conclusions of law to which no response is required.

27. Sentence 1 of paragraph 27 alleges a conclusion of law to which no response is required. Defendant is without information sufficient to form a belief as to whether Frances Marie Vosecka was also known as Frances Vasecka, as alleged in sentence 2 of paragraph 27. Defendant admits the remaining allegations in sentence 2 of paragraph 27. Defendant is without information sufficient to form a belief as to the allegations stated in sentence 3 of paragraph 27. The allegations in sentence 4 are characterizations and conclusions of law to which no response is required

28. Sentence 1 of paragraph 28 alleges a conclusion of law to which no response is required. Defendant is without information sufficient to form a belief as to whether Frances Marie Vosecka was also known as Frances Vasecka, as alleged in sentence 2 of paragraph 28. Defendant admits the remaining allegations in sentence 2 of paragraph 28. Defendant is without information sufficient to form a belief as to the allegations stated in sentence 3 of paragraph 28. The allegations in sentence 4 of paragraph 28 are characterizations and conclusions of law to which no response is required.

29. Defendant is without information sufficient to form a belief as to the truth of the

allegations in sentences 1 to 5 of paragraph 29 regarding Dorothy M. Gay. The allegations in sentence 6 of paragraph 29 are characterizations and conclusions of law to which no response is required.

30. Defendant is without information sufficient to form a belief as to the truth of the allegations in sentences 1 to 5 of paragraph 30 regarding Dennis Charles Perrault. The allegations in sentence 6 are characterizations and conclusions of law to which no response is required.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 1 to 5 of paragraph 31 regarding Deborah D. Pinto. The allegations in sentence 6 are characterizations and conclusions of law to which no response is required.

32. Defendant admits the allegations in sentences 1 and 2 of paragraph 32 regarding Peter Frederick Doney. As to sentences 3 and 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 5 are characterizations and conclusions of law to which no response is required.

33. Defendant admits the allegations in sentences 1 and 2 of paragraph 33 regarding Marie Louise Nielsen. As to sentences 3 through 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 6 are characterizations and conclusions of law to which no response is required.

34. Sentence 1 of paragraph 34 alleges a conclusion of law to which no response is required. Defendant admits that the allegation in the sentence 2 of paragraph 34 that "Mary Rita Aguilar, was a recipient of a per capita payment from the distribution of the 1964 Award portion

of the Pembina Judgment Fund." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 2 and as to the allegations in sentences 3 through 5 of paragraph 34. The allegations in sentence 6 are characterizations and conclusions of law to which no response is required.

35. Defendant admits the allegations in sentences 1 and 2 of paragraph 35 regarding James Melvin Weigand. As to sentences 3 and 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 5 are characterizations and conclusions of law to which no response is required.

36. Defendant admits the allegations in sentences 1 and 2 of paragraph 36 regarding Katherine Pearl Sinclair Chilton. As to sentence 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 4 are characterizations and conclusions of law to which no response is required.

37. Defendant admits the allegations in sentences 1 and 2 of paragraph 37 regarding Jean B. Gross. As to sentences 3 and 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 5 are characterizations and conclusions of law to which no response is required.

38. Defendant admits the allegations in sentences 1 and 2 of paragraph 38 regarding Twila M. Jerome. As to sentences 3 through 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 6 are characterizations and conclusions of law to which no response is required.

39. Defendant admits the allegations in sentences 1 and 2 of paragraph 39 regarding Gladys J. Torkelson. As to sentences 3 and 4, Defendant is without knowledge or information

sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 5 are characterizations and conclusions of law to which no response is required.

40. Defendant admits the allegations in sentences 1 and 2 of paragraph 40 regarding Deanna M. Trottier Wirtzberger. As to sentences 3 and 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations. The allegations in sentence 5 are characterizations and conclusions of law to which no response is required.

**Defendant**

41. Defendant admits the allegations in sentence 1 of paragraph 41. Sentence 2 of paragraph 41 sets forth a legal conclusion, to which no response is required. Defendant avers that it has/had the duties set forth in statutes and regulations which speak for themselves and are the best evidence of their contents.

**Allegations**

42. The allegations in paragraph 42, consisting of Plaintiffs' characterization of historical events related to the Pembina Bands of Chippewa Indians and Minnesota Chippewa Indians, are vague and ambiguous, such that Defendant is unable to formulate a response thereto. The remaining allegations in paragraph 42 consist of legal conclusions, to which no response is required. The cited decisions speak for themselves and are the best evidence of their contents.

43. The allegations in paragraph 43 consist of Plaintiffs' characterizations of and conclusions of law regarding historical events, treaties and decisions, to which no response is required. To the extent that a response may be required, Defendant denies the allegations in paragraph 43 as stated, and avers that the cited treaties and decisions speak for themselves and are the best evidence of their contents.

44. The allegations in paragraph 44 consist of Plaintiffs' characterization of historical events and/or legal conclusions, to which no response is required. To the extent that a response may be required, Defendant denies the allegations in paragraph 44 as stated, and avers that the cited treaties and decisions speak for themselves and are the best evidence of their contents.

45. The allegations in paragraph 45 consist of Plaintiffs' characterizations of Congressional actions, historical events and federal statutes and/or Plaintiff's legal conclusions, to which no response is required. To the extent that a response may be required, Defendant denies the allegations in paragraph 45 as stated, and avers that the cited federal statutes and decisions speak for themselves and are the best evidence of their contents. Defendant also avers that in 1892, Congress established the McCumber Commission to acquire a portion of a North Dakota region, and that the Commission concluded an agreement with a committee of Indians. Defendant further avers that the agreement was approved by Congress on April 21, 1904, and by a group of Pembina Indians in 1905.

46. Defendant admits the allegation in paragraph 46 that "[i]n 1946 Congress established the Indian Claims Commission ("ICC")." The remaining allegations in paragraph 46 consist of legal conclusions and/or Plaintiffs' characterizations of federal legislation, to which no response is required. To the extent that a response may be required, the cited statute speaks for itself and is the best evidence of its contents. Defendant also avers that the ICC's jurisdiction was specifically delineated by statute. *See,* 25 U.S.C. § 70(A)(1946).

47. The allegations in paragraph 47 consist of legal conclusions and/or Plaintiffs' characterizations of claims brought before the ICC, to which no response is required. To the extent that a response may be required, the cited decisions speak for themselves and are the best

evidence of their contents.

48. Defendant admits the allegations in sentences 1 and 2 of paragraph 48 regarding the issuance of decisions by the ICC and also admits the allegations in sentence 5. With regard to sentence 3, Defendant avers that the Pembina Indians are properly referred to as the "Pembina Band." Defendant denies Plaintiffs' allegation in Sentence 3 that the net award to the Pembina Band totaled $277,642.72 and aver that the net award to the Pembina Band that was deposited in the Pembina Judgment Fund as the 1964 Award was $237,127.02. Defendant further avers that after the payment of $9,485.10 for attorneys' fees, the sum of $237,127.02 was reduced to $227,642.72. The allegations in Sentence 6 are admitted. Defendant admits that funds appropriated to satisfy the 1964 Award were held in trust. To the extent that Plaintiffs's allegations in paragraph 48 characterize ICC decisions and federal statues and/or allege legal conclusions, no response is required. The cited decisions and statutes speak for themselves and are the best evidence of their contents.

49. Paragraph 49 consists of legal conclusions and Plaintiffs' characterizations of the 1971 Distribution Act, 25 U.S.C. §§ 1241-1248, for the 1964 Award, which require no response. The 1971 Distribution Act speaks for itself and is the best evidence of its contents.

50. Defendant admits the allegations in sentences 1 and 4 of paragraph 50. Defendant denies as stated the allegations in sentences 2 and 3 of paragraph 50. Defendant avers that between June, 1964, and the date when the percapita distributions were made to individual beneficiaries, Defendant made 19 "baseline" (*i.e.* non-investment) transactions in the 1964 Award account. Defendant avers that the 19 baseline transactions included one "receipt" (in-flow) of moneys into the account, which totaled $ 237,127.82, and further avers that such sum was

reduced to $227,642.72 after the payment of $ 9,485.10 in attorneys' fees.

51. As to the allegations of Paragraph 51, Defendant admits that monies were distributed to per capita beneficiaries of the 1964 Award in October and December 1984 and that baseline (i.e. non-investment) transactions were made for the 1964 Award. Plaintiffs' allegations as to the time frame ("from October 1984 until at least August 1993") and the number of alleged transactions ("about one hundred thirty (130) baseline (non-investment) transactions") are vague and ambiguous such that Defendant is unable to admit or deny the allegations in paragraph 51 regarding the numbers and types of transactions relating to the 1964 Award. The remainder of the allegations in paragraph 51 are therefore denied as stated.

52. The allegations in sentences 1 through 4 of paragraph 52, which consist of legal conclusions and/or Plaintiffs' characterizations of the cited decisions and of Congress' appropriation of funds to satisfy the 1980 Award, require no response. The cited decisions and Congressional record speak for themselves and are the best evidence of their contents. The allegations in sentence 4 as to the amount received by the Pembina Band are denied as stated. Defendant avers that, after adjustments for offsets and attorneys' fees, the 1980 Award to the Pembina Band was $46,877,506.78. Defendant denies sentence 5 as stated and avers that Congress made two appropriations for the 1980 Award.

53. Paragraph 53 consists of legal conclusions and/or Plaintiffs' characterizations of the 1982 Distribution Act, Pub. L. No. 97-403, 96 Stat. 2022 (1982), which require no response. The 1982 Distribution Act speaks for itself and is the best evidence of its contents.

54. Paragraph 54 consists of legal conclusions and/or Plaintiffs' characterizations of the 1982 Distribution Act, which require no response. The 1982 Distribution Act speaks for itself

and is the best evidence of its contents.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the sentence one of paragraph 55 that provisions in the 1982 Act were included "at the request of the tribal beneficiaries," and denies this allegation on that ground. The remainder of paragraph 55 consists of legal conclusions and/or Plaintiffs' characterizations of the 1982 Distribution Act and Congressional record, which require no response. The 1982 Distribution Act speaks for itself and is the best evidence of its contents.

56. Paragraph 56 consists of legal conclusions and characterizations of the statements made in correspondence from a Department of the Interior, Bureau of Indian Affairs official, which require no response. The cited correspondence speaks for itself and is the best evidence of its contents.

57. Paragraph 57 consists of legal conclusions and characterizations of the statements made in correspondence from a Department of the Interior, Bureau of Indian Affairs official, which require no response. The cited correspondence speaks for itself and is the best evidence of its contents.

58. Defendant admits the allegations in sentences 1 through 3 of paragraph 58. Defendant admits the allegation in sentence 4 of paragraph 58 that ten disbursements of monies were made. Defendant denies the allegation in sentence 4 that the ten disbursements referred to therein totaled $5, 438, 203.87, and avers that such disbursements totaled $5, 399, 831.19.

59. As to sentence 1 of paragraph 59, Defendant admits that distribution of the 1980 Award began in May, 1988, and further avers that part of the 1980 Award was distributed to the individual Indian beneficiaries on a per-capita basis, followed by two partial programmatic

distributions to the three federally-recognized tribes in 1989 and 1991. Defendant denies the allegation in sentence 2 of paragraph 59 that the five accounts were created in 1988 and avers that such accounts were created in 1987. Defendant denies the allegation in sentence 2 of paragraph 59 that all the five groups were "tribal" groups and were "beneficiaries." Defendant avers that three of the five groups, specifically the Turtle Mountain Band, the Chippewa Cree Tribe and the White Earth Band, were and are federally-recognized Indian tribes. Defendant avers that the Little Shell is not a federally recognized "tribe" and that the Nonmember Lineal Descendants were not a "tribe," but a group of individuals who may or may not have been members of a federally-recognized tribe. Defendant also avers that the allocation of portions of the 1980 Award to the accounts of the groups, other than the nonmember lineal descendants, did not constitute a distribution to "beneficiaries." Defendant avers that such allocation constituted an intermediary step for the distribution of the 1980 Award to the beneficiaries identified in the 1982 Distribution Act. Defendant further avers that the 1982 Distribution Act speaks for itself and is the best evidence of its contents. As to the allegations of the third and fourth sentences of Paragraph 59, Defendant admits that there were a number of baseline transactions between May 1988 and September 1992 relating to the 1980 Award and avers that the account records speak for themselves and are the best evidence of their contents.

60. The allegations in paragraph 60 constitute Plaintiffs' beliefs and impressions as to what may have transpired between October 1992 and December 1995 with regard to trust accounts for the 1980 Award, and are so vague and ambiguous that Defendant is unable to formulate a specific response thereto. Defendant admits that there were a number of baseline transactions between October 1992 and December 1995 relating to the 1980 Award, and avers

that the account records speak for themselves and are the best evidence of their contents.

61. The allegations in sentence 1 of paragraph 61 constitute Plaintiffs' characterizations and conclusions of law to which not response is required. Defendant admits the allegation in sentence 2 of paragraph 61 that the 1964 and 1980 Awards have been collectively referred to as the Pembina Judgment fund. The allegations in sentence 3 of paragraph 61 consist of Plaintiffs' legal conclusions and characterizations of the legal basis for their claims, and, as such, require no response. To the extent that a response may be required, Defendants states that its fiduciary status and obligations are established by federal statutes and regulations, which speak for themselves and are the best evidence of their contents.

62. The allegations in paragraph 62 consist of legal conclusions and/or characterizations, which require no response. To the extent a response may be required, the allegations are denied, except to state that Defendant had/has the duties set forth in federal statutes and regulations, which speak for themselves and are the best evidence of their contents.

63. The allegations in paragraph 63 consist of legal conclusions for which no answer is required. To the extent that an answer may be required, Defendant avers that its duties are set forth in federal statutes and regulations, which speak for themselves and are the best evidence of their contents. Defendant also avers that the Department of the Interior maintained accounts in which the Pembina Judgment Fund was held and that the Department of the Treasury disbursed some monies from the Pembina Judgment fund at the direction of Interior.

64. The allegations in paragraph 64 consist of Plaintiffs' characterizations of their claims and of criticism allegedly made by unidentified sources. Plaintiffs' characterizations of their claims require no response. Absent citation to a specific source or sources, Plaintiffs'

allegations of criticism are too vague and ambiguous to allow Defendant to formulate a response thereto, and the allegations are denied on that basis. Defendant specifically denies any allegation, express or implied, in sentence 3 that Defendant's management of the Pembina Judgement Fund constituted "misaccounting, mismanagement," and other breaches of trust and further denies that such alleged "breaches of trust" "have affected and continue to affect the Pembina Judgment Fund," or "have caused and continue to cause monetary losses to the Fund's beneficiaries."

65. Defendant denies the allegations in sentence 1 of paragraph 65. As to the allegations contained in sentences 2 and 3, Defendants aver that the term "a full and complete accounting," as used by Plaintiffs, is vague and ambiguous (*see*, *e.g.*, Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982) §§ 965-968. Notwithstanding such ambiguity, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendant avers that Interior has furnished and continues to furnish the federally-recognized Tribes with financial and accounting data and documentation. Defendant avers that all the federally-recognized tribal plaintiffs and the non-federally-recognized Little Shell Tribe were provided with reports prepared by Arthur Andersen as to the Pembina Judgment Fund. Defendant further states that the federally-recognized Tribal plaintiffs have obtained or have been provided information, and have provided input, as to the management of, the Pembina Judgment Fund.

66. Defendant denies all allegations in paragraph 66.

67. Defendant denies all allegations in paragraph 67.

68. The allegations in sentence 1 of paragraph 68 referring to an alleged failure to obtain the "maximum investment return possible" are too vague and ambiguous to allow Defendant to draft a meaningful response, and are denied on that basis. Notwithstanding such

ambiguity, Defendant denies any allegation, express or implied, that it had a duty to obtain "the maximum investment return possible." Defendant denies all allegations in sentence 2.

**Count I**

69. Defendants incorporate, as if fully stated herein, the answers to paragraphs 1 to 68 above.

70. The allegations in paragraph 70 consist of Plaintiffs' characterization of the case, legal conclusions and/or arguments, to which no response is required. To the extent that an answer may be required,.the allegations in paragraph 70 are denied.

**Count II**

71. Defendant incorporates, as if fully stated herein, the answers to paragraphs 1 to 68 above.

72. The allegations in paragraph 72 consist of Plaintiffs' characterization of the case, legal conclusions and/or arguments, to which no response is required. To the extent that a response may be required, the allegations in paragraph 72 are denied.

**Count III**

73. Defendant incorporates, as if fully stated herein, the answers to paragraphs 1 to 68 above.

74. The allegations in paragraph 74 consist of Plaintiffs' characterization of the case, legal conclusions, and/or arguments, which no response is required. To the extent that a response may be required, the allegations in paragraph 74 are denied.

75. The allegations in paragraph 75 consist of Plaintiffs' characterization of the case, legal conclusions, and/or arguments, which no response is required. To the extent that a response

may be required, the allegations in paragraph 75 are denied.

**Relief**

76. The allegations in paragraph 76 constitute Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief from this Court.

DEFENDANT'S GENERAL DENIAL

Defendant denies any allegation of the Complaint, whether express or implied, which is not specifically admitted, denied or qualified herein.

**FIRST AFFIRMATIVE DEFENSE**

To the extent that any Plaintiff is asserting claims upon which relief may not be granted by this Court (or over which this Court has no jurisdiction), all such claims are barred by lack of jurisdiction or the failure to state a claim.

**SECOND AFFIRMATIVE DEFENSE**

To the extent any Plaintiff is asserting claims which accrued prior to September 30, 1986, and that are not subject to Public Law 101-512, 104 Stat. 1915, all such claims are barred by 28 U.S.C. 2501 and, therefore, are beyond the jurisdiction of this Court. To the extent any Plaintiff is asserting claims that are subject to Public Law 101-512, 104 Stat. 1915, the claims which accrued prior to October 1, 1984 are barred by statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs assert claims that are barred, in whole or in part, by the doctrines of laches and equitable estoppel..

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that any Plaintiff is asserting claims that it or its privies asserted, or could have asserted, in a prior adjudication in which a court of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the individual Indians and of the White Earth Band of Chippewa Indians, who were added as plaintiffs in the Second Amended Complaint, do not relate back to the date of the filing of the Complaint in this case.

DATED: June 12, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
K. JACK HAUGRUD, Chief

/s/ *Carol L. Draper*
CAROL L. DRAPER
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Counsel for Defendants

OF COUNSEL:

ELISABETH C. BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL M. HOWARD

Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227