IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 92-675 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | June 26, 2007 |
| Defendant. | ) | |

**JOINT STATUS REPORT AND**
**JOINT REQUEST FOR MODIFICATION OF MAY 1, 2007 ORDER**
**REGARDING THE PROTECTIVE ORDER OF JANUARY 29, 1997**
**AS SUPPLEMENTED**

This Joint Status Report is submitted pursuant to the Court's Order (¶ 4) of May 1, 2007, (Doc. # 287), as amended by the Order of June 18, 2007 (Doc. # 291). In addition to the matters reported on herein, the parties respectfully request that the Court modify its Order of May 1, 2007**,** to clarify that, while it is no longer necessary to file documents under seal in this action as set forth by the Protective Order of January 29, 1997 (Doc. # 38), as supplemented, all other provisions of the January 29, 1997 Protective Order, as supplemented, remain in full force and effect in this action.

## I. BACKGROUND

The Plaintiff Group, consisting of the beneficiaries of the 1964 and 1980 Pembina Judgment Fund ("PJF") Awards and their heirs, descendants, and successors-in-interest, and the Defendant, the United States of America, continue to be engaged in settlement negotiations with the objective of resolving Plaintiffs' PJF trust management claims.

## II. SPECIFIC MATTERS REQUIRED TO BE ADDRESSED BY MAY 1, 2007 ORDER

Paragraph 6 of the Order of May, 1 2007 directs the parties to report on "describing a reasonable plan to provide plaintiffs with responses to their requests for documentation concerning the baseline transactions for the PJF 1980 Award for the [so-called Phase III] time period, October 1, 1992 to December 31, 1995."

As alluded to in the JSR (Part III (8)) of April 16, 2007 (Doc. # 285), counsel for the parties and the parties' experts met in Washington, DC on May 7-8, 2007 to discuss this case. During this meeting, Defendant agreed to provide Plaintiffs with images of about 650 documents that Defendant has collected, coded, and imaged thus far that pertain to Plaintiffs' request for source documents for the potential baseline transactions identified by Plaintiffs for this Phase III time period. Defendant since has compared this collection of 650 documents against the collection of documents produced to Plaintiffs on May 31, 2007 (discussed, *infra,* at III (D)(2), relating to the final distribution of the 1980 Award to per capita beneficiaries) and found substantial overlap between the two collections. Also, in reviewing both collections of documents, Defendant has generated a spreadsheet indicating whether or not source documents have been found within these two collections relating to the Phase III baseline transactions. Defendant has offered to share with Plaintiffs the spreadsheet and is willing to discuss with Plaintiffs possible options for providing to Plaintiffs any source documents not already provided as part of the May 31, 2007 production.

At the May 7-8, 2007 meeting, Defendant also agreed to provide Plaintiffs in writing with a proposal regarding "scoping options" for addressing Plaintiffs' concerns about the validity of

these transactions for economic modeling purposes for settlement negotiations purposes. On June 17, 2007, Defendant provided to Plaintiffs the proposed scoping options paper. Plaintiffs have reviewed this proposal. At a conference call held on Monday, June 25, 2007, the parties discussed the scoping options paper. Defendant responded to questions posed by Plaintiffs regarding the various options, and Plaintiffs proffered an alternate option which Defendant is now considering. The parties plan to continue their dialogue regarding the scoping options later this week or early next week with the objective of reaching agreement on a scoping option. Plaintiffs requested and Defendant agreed to provide an updated list of potential baseline transactions under consideration for scoping purposes for this time period. Also as reported below in Part III (D) (3), at the May 7-8 meeting, the parties noted that the current baseline transactions list for Phase III does not include potential baseline transactions relating to monies held for PJF Non-Member Lineal Descendant per capita beneficiaries, and thus the parties currently are working to identify and discussing possible options for validating such transactions.

## III. ADDITIONAL MATTERS TO BE ADDRESSED BASED ON THE MAY 1, 2007 ORDER AND PREVIOUS ORDERS

### A. 1964 Award

When the parties met in Washington, DC on May 7-8, 2007, they discussed their progress in addressing Plaintiffs' 1964 Award economic model. Pursuant to ¶ 3 of the May 1, 2007 Order, Defendant intends to meet its deadline of July 2, 2007 to provide Plaintiffs with a written response to Plaintiffs' economic model for the 1964 Award.

**B. 1980 Award Phase I**

Pursuant to ¶ 2 of the May 1, 2007 Order, on May 4, 2007, Plaintiffs provided to Defendant the seven Exhibits to Plaintiffs' economic model for the 1980 Award "Phase I" time period (March 1980 - May 26, 1988) in native file format. When the parties met in Washington, DC on May 7-8, 2007, they discussed their progress in addressing Plaintiffs' 1980 Award Phase I economic model. Pursuant to ¶ 2 of the Order of March 16, 2007 (Doc. # 281), Defendant intends to meet its deadline of July 13, 2007 to provide Plaintiffs with a written response to Plaintiffs' economic model for the 1980 Award Phase I.

**C. 1980 Award Phase II**

1. Pursuant to ¶ 4 of the May 1, 2007 Order, on May 14, 2007, Defendant filed with the Court a status report describing its efforts to locate relevant documents concerning seven (7) of the twelve (12) per capita group baseline transactions at issue for the 1980 Award Phase II time period (May 27, 1988 to September 30, 1992). As reported by Defendant in its May 14, 2007 status report, on April 9, 2007, Plaintiffs informed Defendant for the first time that 7 of the 12 per capita group baseline transactions are not on the GOALS reports previously provided by Defendant to Plaintiffs. Defendant had agreed to search for additional GOALS reports or other suitable substitute advice or evidence for these 7 transactions. Defendant searched for the requested documentation and on May 31, 2007, Defendant provided Plaintiffs with the results of this search. Plaintiffs have reviewed this documentation and have agreed that, subject to some date and amount changes, six (6) of these 7 transactions are now valid at least for settlement negotiations purposes. Defendants have agreed to search again for the advice or evidence documentation for the remaining transaction.

In addition to their validation issues, as the parties already have informed the Court, these 12 per capita group baseline transactions also raise a so-called "timing issue." The parties have been discussing and continue to discuss how to address these outstanding timing issues for this time period and for other time periods of the 1980 Award. A compromise solution or joint review of additional documents are among the options under consideration.

2. As reported in the JSR of April 16, 2007 (Part III (5)), another outstanding matter for this time period that was discussed at the May 7-8, 2007 meeting involves six (6) potential baseline transactions for the White Earth Band of Chippewa Indians. Defendant is searching for documentation for these transactions in response to Plaintiffs' request for validating information and at this time has located some source documents for 5 of the 6 transactions. Defendant expects to provide the results of its documentation search to Plaintiffs on this matter by August 31, 2007.[1]

3. Another outstanding matter for this time period that was discussed at the May 7-8, 2007, meeting involves the question of whether there are any potential baseline transactions for this time period involving the "Non-Member Lineal Descendant" beneficiaries of the 1980 Award. Both sides agreed to review the documentation that they already have for this time period in an effort to identify such transactions promptly. During the June 25, 2007 conference call, the parties discussed four such potential baseline transactions identified by Plaintiffs for this time period, and also discussed possible approaches for addressing this additional subset of transactions.

[1] Plaintiffs do not agree that Defendants need or should have this amount of time to respond to this request of Plaintiffs.

**D. 1980 Award Phase III**

1. Regarding the potential baseline transactions identified by Plaintiffs for this time period, October 1, 1992 - December 31, 1995, *see* Part II, *supra*..

2. Pursuant to ¶ 1 of the May 1, 2007 Order, on May 31, 2007, Defendant provided to Plaintiffs documents relating to the final distribution of the 1980 Award per capita payments. Plaintiffs are reviewing this information in connection with their examination of the baseline transactions for the 1980 Award Phase III time period.

3. Another outstanding matter for this time period which was discussed at the May 7-8, 2007 meeting involves the question of whether there are any potential baseline transactions for this time period involving the "Non-Member Lineal Descendant" beneficiaries of the 1980 Award. Plaintiffs reviewed the documentation that they have to identify such transactions, and shared the results of this review with Defendant on the June 25, 2007 conference call. The parties also discussed possible approaches for addressing this additional subset of transactions.

**E. 1980 Award Phase IV**

1. As reported in the JSR of April 16, 2007 (Part III (3)), Plaintiffs have reviewed preliminarily the data provided by Defendant for the 1980 Award Phase IV time period of January 1, 1996 - December 31, 2005. During the June 25, 2007 conference call, Plaintiffs reported to Defendant the results of their preliminary review and the parties agreed to further review of this data in a joint session.

2. Another outstanding matter for this time period which was discussed at the May 7-8, 2007 meeting involves the issue of whether there are any potential baseline transactions for this time period involving the "Non-Member Lineal Descendant" beneficiaries of the 1980

Award. It is hoped that the joint review session noted above will begin to address this issue.

**F. Additional Matters**

1. Pursuant to ¶ 5 of the May 1, 2007, on June 12, 2007, Defendant filed its Answer to Plaintiffs' Third Amended Complaint.

2. As mentioned in the JSR of April 16, 2007, the parties have been working continually and closely together to finalize for joint submission to the Court a "Proposed Protective Order for the Confidentiality of Settlement Communications and Materials."

3. In their JSR of April 16, 2007 (Part III (7)), and during the Telephonic Status Conference with the Court on April 30, 2007, the parties raised with the Court the issue, in light of the Court's rulings in this action under 28 U.S.C. § 1505, of the continued need for filings under seal pursuant to the Protective Order entered in this action on January 29, 1997, as supplemented by the Order entered on October 7, 2004 (Doc. # 186). It was the parties' intent to request that the Court eliminate the no-longer-needed requirement for filings under seal, but that the other provisions of the January 29, 1997 Protective Order, as supplemented, which address documents and information that are or may be subject to the Privacy Act, 5 U.S.C. §552a, *inter alia,* remain in full force and effect.

However, this Court's Order of May 1, 2007 (¶ 7) appears to vacate the entire January 29, 1997 Protective Order. The parties therefore respectfully request that the Court modify the May 1, 2007 Order to clarify that only the requirement for filings under seal has been lifted, and that all other provisions of the January 29, 1997 Protective Order as supplemented remain in full force and effect in this action.

4. As reported in the JSR (Part III (9)) of April 16, 2007 and as discussed with the

Court during the Telephonic Status Conference on April 30, 2007, due to their commitment to the belief that some or all of Plaintiffs' claims in this action can be resolved by means of negotiated settlement, the parties remain interested in having this case referred to an Alternative Dispute Resolution program or to a settlement judge at the earliest appropriate time.

5. The parties are prepared to discuss these and any other matters with the Court during the next scheduled Telephonic Status Conference which is set to occur at 2:00 pm EDT on Wednesday, June 27, 2007.

Respectfully submitted on this 26th day of June, 2007.

/s/ Melody L. McCoy
MELODY L. MCCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Of Counsel:

Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor

Rachel M. Howard
Financial Management Service
Department of the Treasury