IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 92-675 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | June 27, 2007 |
| Defendant. | ) | |

**JOINT MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF SETTLEMENT COMMUNICATIONS AND SETTLEMENT MATERIALS**

Pursuant to RCFC 7(b), the Plaintiff Group, consisting of the beneficiaries of the 1964 and 1980 Pembina Judgment Fund ("PJF") Awards and their heirs, descendants, and successors-in-interest, and Defendant the United States of America, hereby jointly move this Court for an Order to preserve the confidentiality of communications made and materials developed for settlement purposes in this case. In support of this Joint Motion, the parties state with particularity the following grounds.

1. This case raises claims of fiduciary misaccounting and mismanagement of the PJF, a tribal trust fund held in trust by the United States for the Plaintiff Group.

2. Upon the joint request of the parties, the Court already has entered a "Protective Order Regarding Disclosure and Use of Confidential Documents and Information" in this case. *See* Order filed Jan. 29, 1997 (Doc. # 38), *supplemented by* Order filed Oct. 7, 2004 (Doc. #186).

3. The parties have reviewed this existing Protective Order as supplemented, and agree that it addresses issues regarding material protected by the Privacy Act, 5 U.S.C. § 552a.

4. The parties agree that they need to clarify the scope of this existing Protective Order, as supplemented, by clarifying that plaintiffs joined or named after the entry of the Protective Order, as supplemented, are bound by the Order to the same extent as the original named parties.

5. The parties agree that they need a separate, additional Protective Order in this case because they have entered into, and they continue to engage in, discussions and actions which they believe might result in settlement of some or all of the claims raised in this case without resort to further litigation that would place an undue burden of time or expense upon the parties and the Court.

6. The parties have agreed to treat these Settlement Communications and Materials as confidential, and the parties agree that there is a need for a Protective Order regarding Settlement Communications and Materials because to date their settlement discussions and actions have involved various communications made and the development of various documents and information for settlement purposes.

7. The parties agree that their ability to continue to engage in settlement discussions will be severely hampered and constrained if they cannot rely on the expectation that communications made and materials developed for settlement purposes will be kept confidential.

8. The parties agree that their ability to resolve the claims and defenses in this case in an efficient manner so as to conserve the parties' and the Court's resources will be significantly diminished if they cannot rely on the expectation that communications made and materials developed for settlement purposes will be kept confidential.

9. The parties agree that the proposed Protective Order granting this Joint Motion submitted herewith pursuant to RCFC 7(b)(1) meets their approval as to form and content.

For the good cause reasons stated above, the parties respectfully request that this Joint Motion be granted.

DATED this 27th day of June, 2007

_/s/ Melody L. McCoy_____________

MELODY L. MCCOY
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
T (303) 447-8760
F (303) 443-7776
mmccoy@narf.org

Counsel of Record for Plaintiffs

_/s/ Carol L. Draper________________

CAROL L. DRAPER
Natural Resource Section
Environment and Natural Resources Div.
U.S. Department of Justice
P.O. Box 663
Washington, DC 20530
T (202) 305-0465
F (202) 353-2021
Carol.Draper@usdoj.gov

Counsel of Record for Defendant

Elisabeth S. Brandon
U.S. Department of the Interior
Agency Counsel