IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al.,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No. 92-675 L
Judge Emily C. Hewitt

**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF SETTLEMENT COMMUNICATIONS AND MATERIALS**

The Plaintiff Group, consisting of the beneficiaries of the 1964 and 1980 Pembina Judgment Fund Awards and their heirs, descendants, and successors-in-interest, and Defendant, the United States of America, have jointly moved this Court for the entry of an Order to preserve the confidentiality of communications made and materials developed for settlement purposes. The Court hereby GRANTS the parties' motion and ORDERS that:

**CLARIFICATION OF PRIOR PROTECTIVE ORDERS**

**1. Prior Orders.** This Order supplements the "Protective Order Regarding Disclosure and Use of Confidential Documents and Information,"entered on January 29, 1997, and the supplemental Order thereto entered on October 7, 2004, both entered to preserve the confidentiality of documents and information that are or may be subject to the Privacy Act, 5 U.S.C. § 552a, (collectively referred to as "PA Orders").

**2. Parties Bound under Prior Orders**. Plaintiffs joined or named after entry of the PA Orders are bound by the PA Orders to the same extent as the original named parties.

**CONFIDENTIALITY OF SETTLEMENT COMMUNICATIONS**

**3. Settlement Communications**. Settlement Communications in this case, as defined below, shall be governed by Appendix H of the Rules of the Court of Federal Claims ("RCFC") and by this Order regardless of whether the case has been referred to a Settlement Judge or formal Alternative Dispute Resolution ("ADR") process.

**4. Settlement Communications Defined.**

For purposes of this Order, "Settlement Communications" means any communication made, exchanged, or provided:

A. By attorneys of record in this action, including agency counsel, and attorneys, paralegals, support staff and other employees in their offices, in the course of representing the parties herein, as well as by their experts, consultants, contractors, and agents retained or assigned to work on any aspect of this case, as well as the employees in their offices who work on this case, or the assigned Judge, a Settlement Judge or any third-party-neutral who assists with settlement negotiations;

B. For purposes of attempting to resolve this case through settlement, whether orally or in writing, and whether made electronically, telephonically, or otherwise, including without limitation through conferences, meetings, telephone calls, correspondence, briefs and memoranda not filed with the Court (unless filed under seal), reports, appraisals, and any other such documents, or any part thereof.

**5. Use and Treatment of Settlement Communications.**

Pursuant to Appendix H of the RCFC::

A. All Settlement Communications are confidential, shall be treated as compromise

negotiations under Rule 408 of the Federal Rules of Evidence, and are not subject to disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

B. There will be no transcript of any Settlement Communication or any ADR proceeding.

C. No Settlement Communications or ADR proceedings will be provided to a Judge of the Court other than the Settlement Judge.

D. The parties shall not subpoena, or seek in any way, the testimony of the assigned Judge, any Settlement Judge or any third-party neutral who assists with settlement negotiations, or seek to compel the production or admission of Settlement Communications for any purpose.

**CONFIDENTIALITY OF SETTLEMENT MATERIALS**

**6. Settlement Materials Defined**.

A. For purposes of this Order, "Settlement Materials" consist of documents (either originals or copies) or information, including, but not limited to, interpretations, analyses, opinions, and conclusions developed for settlement purposes, either before or after entry of this Order, by attorneys of record in this action, including agency counsel, and attorneys, paralegals, support staff, and other employees in their offices, in the course of representing the parties herein, as well as by their experts, consultants, contractors, and agents retained or assigned to work on any aspect of this case, as well as the employees in their offices who work on this case, regardless of the form or format in which such materials are developed. "Settlement Materials" also include the methods or methodologies developed by either party or jointly by both parties to arrive at such documents or information, subject to the qualification stated in Paragraph 6B.

B. Information, facts, data, methods, methodologies, and practices that are otherwise

discoverable or admissible or are generally known by, available to, or accessible by the general public or by a professional community shall not be deemed Settlement Materials under the terms of this Order, even if they are used or included in Settlement Materials, and, therefore they may be used by either party without restriction.

**7. Designation of Settlement Materials.**

A. Either party may designate its own Settlement Materials as "Settlement Materials" subject to this Order by marking them as "Settlement Material." Each party will designate its Settlement Materials that were developed prior to the entry of this Order and that have not been so marked, by providing notice to the other party.

B. Neither Party may designate materials developed solely by the opposing party as Settlement Materials subject to this Order. Either party may withdraw its designation of Settlement Materials that it alone developed. Both parties must agree to withdraw the designation of Settlement Materials developed jointly.

C. If either party incorporates conclusions and analyses extracted from the opposing party's Settlement Materials into materials that it develops, the conclusions and analyses extracted from the opposing party's Settlement Materials retain their protected status under this Order.

**8. Use and Disclosure of Settlement Materials.**

A. Unless the parties jointly stipulate otherwise in writing, Settlement Materials may not be used for any purpose other than considering, facilitating or attempting settlement of this case.

B. The disclosing parties' claims of privileges and protections from disclosure for

Settlement Materials, including without limitation, the attorney-client privilege, the government deliberative process privilege, and the attorney work product doctrine, shall be preserved and shall not be waived with respect to the receiving party or third parties. The use of Settlement Materials in accordance with this Order shall not constitute a waiver of any privilege with respect to the receiving party or third parties. Nor shall the use of Settlement Materials in accordance with this Order render them subject to disclosure under the Freedom of Information Act, 5 U.S.C. § 552.

**9. Disclosure only to Qualified Persons.**

A. Unless otherwise agreed by the parties in writing, a party may disclose or provide access to Settlement Materials only to "Qualified Persons" as defined below in this Order:

1. Elected or designated Tribal officials for any of the named Tribal plaintiffs, or any person designated by this Court as a representative of the Plaintiff Group with authority to make settlement decisions for the Plaintiff Group;

2. Attorneys of record in this action, agency counsel, and attorneys, paralegals, support staff and other employees in the offices of the attorneys of record and agency counsel, in the course of representing the parties herein, as well as their experts, consultants, contractors, and agents retained or assigned to work on any aspect of this case related to settlement or facilitating settlement, as well as the employees in their offices who work on this case ;

3. Any person retained or consulted by either party or by both parties to provide opinion, analysis, data, or other information for the purpose of assisting with or facilitating settlement of this case; and

4. Any person whom the parties may designate jointly in writing as a Qualified

Person.

B. Except as provided in Paragraph 9C, Settlement Materials may only be provided to Qualified Persons after they have first certified that they have read this Protective Order and executed a Non-Disclosure Agreement that reads as follows:

> I understand that I am being given access to Settlement Materials protected by a Protective Order entered in this case. I have read and fully understand the terms of the Protective Order, and I agree to be bound by its terms.
>
> I will not use or disclose Settlement Materials in any manner other than those expressly authorized under the Protective Order. I will not use or disclose Settlement Materials for any purpose, other than the settlement or attempted settlement of this case. I understand that this agreement applies to all Settlement Materials, whether already disclosed to me, or disclosed to me in the future, and also applies to copies, notes, extracts, or any other materials that I prepare based upon the Settlement Materials.
>
> I understand that violation of this Protective Order or promises made herein may result in appropriate sanctions and penalties.

/s/ ______________________________
Signature

______________________________
Title/Firm or Agency Name

______________________________
Date

C. Attorneys of record in this action, including agency counsel, and attorneys, paralegals and support staff in their offices who use or access Settlement Materials in the course of representing the parties are not required to execute the Non-Disclosure Agreement, but are nonetheless bound by the terms of this Order.

**10. Experts and Consultants.**

A. Each party has engaged or consulted with, or will engage or consult with, individuals during the settlement process who will investigate, analyze, and provide opinions

regarding Plaintiffs' claims and Defendant's affirmative defenses ("Settlement Experts"). The parties anticipate that, during the settlement process, the Settlement Experts for each side will participate in the development and implementation of methods or methodologies, offer views and opinions, and otherwise participate in the settlement process regarding Plaintiffs' and Defendant's settlement positions. The parties also anticipate that if the settlement process fails to achieve a complete settlement of all of Plaintiffs' claims, either party or both parties may use Settlement Experts as expert witnesses in the litigation. This use includes but is not limited to calling the Settlement Experts as expert witnesses at trial ("Trial Experts"). Consistent with the provisions elsewhere in this Order, the parties are protecting the confidentiality of the settlement process while also preserving the ability to use their Settlement Experts as Trial Experts, if they decide to do so.

B. If either party decides to use a Settlement Expert as a Trial Expert, neither party shall be permitted to discover or offer into evidence in the litigation, including at trial, Settlement Materials developed by the Trial Expert, even if such discovery or admission would otherwise be permitted under the applicable expert witness discovery and evidentiary rules, including RCFC 26(a) or 26(b). All Settlement Communications that are made to, made by, or received by the Settlement Expert shall remain confidential and such communications shall not be discoverable or admissible, and they shall not be required to be disclosed, under the normally applicable rules including RCFC 26(a) or 26(b) for any purpose in the litigation. In all events, however, in accordance with Section 6B of this Order, any information, facts, data, methods, methodologies, and practices that are otherwise discoverable or admissible or are generally known by, available to, or accessible by the general public or by a professional community and that relate to the Trial

Expert's testimony in the litigation, shall not be rendered undiscoverable or inadmissible solely because of their use or inclusion in Settlement Materials or Communications, even though the Settlement Materials or Settlement Communications themselves shall remain inadmissible and even though the Trial Expert may not be confronted with or be questioned about the Settlement Materials or Settlement Communications themselves.

**11. Destruction or Return of Settlement Materials.** Within 90 days after final disposition of this action, including the conclusion of any appeals, the parties shall destroy or return all Settlement Materials to the party who developed them. Neither party is required to destroy or turn over Settlement Materials that it developed, even if such Materials include conclusions, opinion or analysis extracted or derived from Settlement Materials developed solely by the opposing party.

**GENERAL PROVISIONS**

**12. Other Orders.** Nothing contained herein shall preclude the parties from entering into other written agreements intended to protect or preserve the confidentiality of any other confidential, privileged, or protected documents, information, or communications. This Order does not repeal any existing protective or confidentiality order currently in effect in this case.

**13. Survival of Confidentiality Provisions.** The confidentiality provisions of this Order shall remain in full force and effect after the final disposition of this case and regardless of whether the parties reach settlement.

____________________________
Judge Emily C. Hewitt