IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 92-675 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | July 31, 2007 |
| Defendant. | ) | |

**JOINT STATUS REPORT**

This Joint Status Report is submitted pursuant to the Court's Order (¶ 6) of June 29, 2007.

## I. BACKGROUND

The Plaintiff Group, consisting of the beneficiaries of the 1964 and 1980 Pembina Judgment Fund ("PJF") Awards and their heirs, descendants, and successors-in-interest, and the Defendant, the United States of America, continue to be engaged in settlement negotiations with the objective of resolving Plaintiffs' PJF trust management claims.

## II. SPECIFIC MATTERS ADDRESSED BY JUNE 29, 2007 ORDER

### A. 1964 Award

Since the last Joint Status Report submitted on June 26, 2007, the parties have made progress in addressing issues raised by Plaintiffs' 1964 Award Economic Model. On July 2, 2007, Defendant responded to Plaintiffs' 1964 Award Economic Model with reports prepared by Charles Evans of the Office of the Special Trustee for American Indians ("OST") and John McClanahan of the Office of Historical Trust Accounting ("OHTA") that identified specific points of disagreement with Plaintiffs' proposed Model.

At a July 19, 2007 meeting held in Washington, D.C., the parties discussed and debated the 1964 Award Model. In addition to counsel of record for both sides and agency counsel, the meeting was attended by: 1) Kevin Nunes and Peter Ferriero of Rocky Hill Advisors, Plaintiffs' accounting and investment consultants, 2) Charles Evans and Margaret Treadway of OST; 3) John McClanahan, Alyce Schiess and Adam Schaffer of OHTA; and 4) Simon Wu of FTI Consulting, Inc., Defendant's outside investment consultant. The investment consultants discussed and debated Plaintiffs' proposed methodology for measuring investment returns and calculating alleged investment shortfalls for the 1964 Award. At the conclusion of the discussion, Plaintiffs agreed to submit a revised Economic Model for the 1964 Award for Defendant's consideration that will take into consideration the methodology issues raised in Defendant's Response and debated at the July 19, 2007 meeting.

Plaintiffs anticipate providing Defendant with a Revised Economic Model for the 1964 Award on or before August 24, 2007. On or before August 31, 2007, Defendant will indicate whether it will respond to Plaintiffs' Revised Model in writing or by conferring with Plaintiffs and their consultants.

**B. 1980 Award Phase I**

Since the last Joint Status Report submitted on June 26, 2007, the parties have made progress in addressing issues raised by Plaintiffs' 1980 Award Economic Model for Phase I of the 1980 Award (March 1980 through May 26, 1988). On July 13, 2007, Defendant responded to Plaintiffs' 1980 Award Economic Model for Phase I with a report prepared by Charles Evans of OST and by Simon Wu of FTI Consulting, Inc., that identified specific points of disagreement with Plaintiffs' proposed model. At the July 19, 2007 meeting, the parties' investment consultants debated

Plaintiffs' proposed methodology for measuring investment returns and calculating alleged investment shortfalls for the 1980 Award Phase I. At the conclusion of the discussion, Plaintiffs agreed to submit a revised Economic Model for the 1980 Award Phase I for Defendant's consideration that will take into consideration the methodology issues raised in Defendant's Response and at the July 19, 2007 meeting.

Plaintiffs anticipate providing Defendant with a Revised Economic Model for the 1980 Award Phase I on or before August 24, 2007. On or before August 31, 2007, Defendant will indicate whether it will respond to Plaintiffs' Revised Model for the 1980 Award Phase I in writing or by conferring with Plaintiffs and their consultants.

**C. 1980 Award Phase II**

1. For the 1980 Award Phase II time period (May 27, 1988 to September 30, 1992), with respect to the twelve per capita group potential baseline transactions at issue, on July 2, 2007, Plaintiffs submitted to Defendant a summary of proposed date and amount changes with respect to the validity of six of the twelve transactions. During a conference call held on July 3, 2007 between counsel, Plaintiffs' accounting consultant, Kevin Nunes, and representatives from OHTA, these validity issues were discussed. At the July 19, 2007 meeting, the parties discussed Plaintiffs' six proposed date and amount changes regarding validity and the significance of and basis for the proposed changes. Defendant plans to respond to Plaintiffs' proposed changes on or before August 31, 2007. For one of the transactions, Defendant at the July 19, 2007 meeting referred Plaintiffs to specific documentation verifying the date. Plaintiff is reviewing this documentation and will respond to Defendant on this matter by August 10, 2007.

Regarding the "timing" issues for the twelve per capita group baseline transactions for Phase

II, at the July 19, 2007 meeting, Defendant updated Plaintiffs on its progress in researching the timing issues. Defendant reported that its review of the documentation strongly suggests that only one of the twelve transactions for this time period represents reissued checks that were issued previously, but returned to the United States. Defendant has agreed to provide Plaintiffs with the documents that suggest that eleven of the transactions are not reissued checks by August 31, 2007, and Plaintiffs will review that documentation. Regarding the remaining timing issue, the parties are considering a new approach to timing issues for the Phase III baseline transactions which is discussed more fully in below in Part D(3), and may use this new approach for timing issues such as this in Phase II.

2. Regarding the six White Earth Chippewa potential baseline transactions for this time period, at the July 19, 2007 meeting, Defendant provided Plaintiffs with some source documentation located to date for the six transactions. Plaintiffs are reviewing this documentation, and will respond to Defendant by August 15, 2007 regarding the documentation provided. Defendant continues its efforts to obtain the "advice or evidence" for the six transactions. At the July 19, 2007 meeting, Defendant explained the difficulty of retrieving the requested information from the Department of the Treasury and proposed that Plaintiffs accept the documentation already provided (which includes SF-1166s) as validation. Although the Court's June 29, 2007 Order, ¶ 3(d), gives Defendant until August 31, 2007 to produce any additional documentation located for this group of transactions, to the extent that Plaintiffs continue to contend that advice or evidence are needed, Defendant requires additional time.

3. Regarding the four non-member lineal descendants' potential baseline transactions identified by the Plaintiffs for Phase II, Defendant reported at the July 19, 2007 meeting that it has

identified additional potential baseline transactions for the non-member lineal descendants for this time period, bringing the total non-member lineal descendants' potential baseline transactions for Phase II to nine. At the July 19, 2007 meeting, Defendant shared the information that it has located in identifying the additional transactions and proposed that the parties agree to resolve validity issues with respect to these transactions by incorporating them into the scoping proposal currently being jointly developed by the parties for Phase III (discussed in more detail in Part D(3) below). Plaintiffs will review the information regarding the identification of the additional transactions shared by Defendant at the July 19, 2007 meeting, and will respond to Defendant by August 15, 2007. Defendant agreed to provide Plaintiffs with documentation from the Arthur Andersen Reconciliation project for these transactions to the extent that Plaintiffs do not already have such documents.

4. At the July 19, 2007 meeting, Defendant also proposed a new approach, discussed below in Part D(3) for resolving timing issues for the Phase III baseline transactions. As the parties proceed to test this approach for the Phase III transactions, they will determine whether the approach is useful in resolving the timing issues for the remaining Phase II transactions, including the per capita group transactions, the White Earth Chippewa transactions, and the non-member lineal descendant transactions.

**D. 1980 Award Phase III**

1. On July 6, 2007, Defendant provided Plaintiffs with a spreadsheet containing updated and supplemental information on the 431 potential baseline transactions already identified jointly by the parties for the 1980 Award Phase III (October 1, 1992 - December 31, 1995). Plaintiffs have been reviewing this information in connection with the joint development of a scoping proposal,

discussed below, in an effort to determine which of these potential baseline transactions should be subject to validity testing under the scoping proposal. Although the June 29, 2007 Order set deadlines regarding this matter, *see* Paragr. (4)(a)(ii) and (iii), the parties propose, in light of the developments at the July 19, 2007 meeting, that the parties continue their work combining all of the potential baseline transactions under consideration for Phase III (and possibly Phase IV) into a comprehensive database of baseline transactions for scoping purposes. Both sides are working on additional spreadsheets that will be used for this purpose. Where appropriate, spreadsheets generated by Defendant will also include categorization information for scoping purposes. The parties propose that both sides simultaneously exchange the additional spreadsheets generated by September 14, 2007 and will thereafter confer.

2. On July 6, 2007, Plaintiffs provided Defendant with a list of 128 potential baseline transactions for non-member lineal descendants for the 1980 Award Phase III time period. At the July 19, 2007 meeting, the parties agreed to combine the 128 non-member lineal descendants' baseline transactions with the other 431 potential baseline transactions for this time period for purposes of the joint scoping proposal, discussed next. The spreadsheets discussed in paragraph D(1) above will include additional information on these transactions.

3. Before the July 19, 2007 meeting, Plaintiffs had suggested to Defendant a scoping proposal by which the validity issues for the potential baseline transactions for Phase III could be addressed. At the July 19, 2007 meeting, Defendant presented to Plaintiffs an alternate scoping proposal that incorporates and expands upon Plaintiffs' scoping proposal. Defendant also proposed and outlined details of a new approach for addressing any timing issues that might arise with respect to baseline transactions for Phase III. This new approach focuses on receipt transactions (as opposed

to disbursements) which likely are to yield information on the timing issues.

**E. 1980 Award Phase IV**

1. The parties have preliminarily identified potential baseline transactions, including those of the non-member lineal descendants, for the 1980 Award Phase IV time period of January 1, 1996 - December 31, 2005. At the July 19, 2007 meeting, the parties agreed in principle to incorporate the Phase IV baseline transactions into the scoping proposal being developed jointly for Phase III. As discussed above, the parties debated the details of the scoping proposal in depth at the July 19, 2007 meeting and continue to sharpen the focus of the proposal to best address and resolve the issues Plaintiffs' have raised as to validity. The parties also agreed to address any timing issues for Phase IV baseline transactions by means of the receipt transaction approach being tested for Phase III transactions or by such other approaches that they may develop jointly.

Respectfully submitted on this 1st day of August, 2007.

/s/ Melody L. McCoy
MELODY L. MCCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Of Counsel:

Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor

Rachel M. Howard
Financial Management Service
Department of the Treasury