# In the United States Court of Federal Claims

No. 92-675 L

(E-Filed: August 2, 2007)

| | |
|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Further to the telephonic status conference (TSC) with the parties held on August 1, 2007 and the parties' Joint Status Report filed on August 1, 2007 (JSR), the court orders the following, which supplements the court's previous orders of December 19, 2006, February 7, 2007, February 16, 2007, March 16, 2007, May 1, 2007, and June 29, 2007:[1]

1. Future TSCs and JSRs

   a. On or before Friday, September 14, 2007 at noon, the parties shall file a JSR. A TSC shall be held on Monday, September 17, 2007 at 2:00 p.m. EDT.

[1]This order was prepared without the aid of a transcription of the TSC. If the parties believe that any aspect of the order is inconsistent with the TSC, they are requested to contact chambers by a joint telephone call and so advise.

b. On or before Tuesday, October 23, 2007 at noon, the parties shall file a JSR. A TSC shall be held on Wednesday, October 24, 2007 at 2:00 p.m. EDT.

2. With respect to the 1964 Award and the 1980 Award Phase I:

a. On or before Friday, August 24, 2007, plaintiffs shall provide defendant with revised economic models for the 1964 Award and the 1980 Award.

b. On or before Friday, August 31, 2007, defendant shall tell plaintiffs whether its response to plaintiffs' revised models shall be in writing or at a meeting. In either case, defendant's response in writing or at a meeting shall be coordinated with ADR proceedings with ADR Judge Eric G. Bruggink.

c. Further court proceedings with respect to the 1964 Award and the 1980 Award Phase I shall not be had unless and until the parties, or either of them, advise(s) the court that the ADR proceedings do not appear to be of assistance in resolving those aspects of this case.

3. With respect to the 1980 Award Phase II:

a. On or before Friday, August 10, 2007, plaintiffs shall respond to defendant regarding the documentation that defendant presented at the July 19, 2007 meeting verifying the date for one of the transactions.

b. On or before Friday, August 31, 2007, defendant shall respond to plaintiffs regarding plaintiffs' proposed changes with respect to the validity of six of the twelve transactions.

c. On or before Friday August 31, 2007, defendant shall provide plaintiffs with its documents indicating that eleven of the transactions are not reissued checks. Plaintiffs shall review that documentation on or before Friday, September 21, 2007.

d. Regarding the six White Earth Chippewa potential baseline transactions for which source documents have not been located, defendant shall continue to use all reasonable efforts to locate source documents analogous to the type provided to other Phase II transactions to support the validity of the transactions and shall report on its progress in the JSR due on Friday,

September 14, 2007 and the TSC scheduled for Monday, September 17, 2007.

e. On or before Wednesday, August 15, 2007, plaintiffs shall respond to defendant regarding the identification of the five additional, non-member lineal descendant transactions identified by defendant at the July 19, 2007 meeting. Defendant shall promptly provide to plaintiffs the documentation from Arthur Andersen to the extent that plaintiffs do not have it.

4. With respect to the 1980 Award Phase III:

a. On or before Friday, August 31, 2007, plaintiffs and defendant shall exchange information that will establish which of the 128 potential baseline transactions for non-member lineal descendants should be included as baseline transactions.

b. On or before Friday, September 14, 2007, plaintiffs shall identify which transactions from the Phase III baseline transactions should be selected for scoping.

5. With respect to the 1980 Award Phase II and 1980 Award Phase III:

a. Defendant shall promptly engage OHTA in an effort to test a proposed alternative approach to addressing the so-called "timing" issue (that is, whether a disbursement is a first-time disbursement or a re-disbursement of funds previously disbursed) by researching records of receipts rather than, as has been done to date, records of disbursements (alternative approach research). Defendant shall report on the progress of its efforts at the TSC scheduled for Monday, September 17, 2007 and shall endeavor to obtain results of the alternative approach research for one or more transactions in each of Phase II and Phase III in time to include the results in the JSR to be filed on Tuesday, October 23, 2007.

b. On or before Wednesday, August 15, 2007, the parties shall complete a preliminary identification of at least two to three transactions that they plan to submit to OHTA for alternative approach research. On or before Thursday, August 30, 2007, the parties shall complete a final identification of at least two to three transactions that they will submit to OHTA for alternative approach research.

6. With respect to the 1980 Award Phase IV:

a. No additional deadlines are established at this time with respect to the 1980 Award Phase IV.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge