IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 92-675 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | September 14, 2007 |
| Defendant. | ) | |

**JOINT STATUS REPORT AND**
**JOINT REQUEST TO RESCHEDULE OCTOBER 23 & 24, 2007 DEADLINES**

This Joint Status Report is submitted pursuant to the Court's Order (¶ 1(a)) of August 2, 2007.

## I. BACKGROUND

The Plaintiff Group, consisting of the beneficiaries of the 1964 and 1980 Pembina Judgment Fund ("PJF") Awards and their heirs, descendants, and successors-in-interest, and the Defendant, the United States of America, continue to be engaged in settlement negotiations with the objective of resolving Plaintiffs' PJF trust management claims.

## II. SPECIFIC MATTERS

### A. 1964 Award

On August 29, 2007, Plaintiffs submitted to Defendant a Revised Economic Investment Model for the PJF 1964 Award which took into consideration the methodology issues raised by Defendant in response to Plaintiffs' 1964 Award Economic Investment Model dated February 16, 2007. *See* Order ¶ 2(a) (Aug. 2, 2007). On September 7, 2007, counsel for Defendant informed

counsel for Plaintiffs that Defendant will respond to Plaintiffs' Revised Model by conferring with Plaintiffs and their consultants. *See* Order ¶ 2(b) (Aug. 2, 2007). On September 12, 2007, Plaintiffs provided Defendant with the Exhibits to their 1964 Award Revised Economic Model in "native format" as requested by Defendant on September 10, 2007.

In addition, on September 4, 2007, counsel for the parties attended the first ADR Settlement Conference on the 1964 Award claims in this case in Washington, DC with Settlement Judge Bruggink. Judge Bruggink is working with counsel to schedule the next Settlement Conference on the 1964 Award claims which will be attended by expert witnesses for both sides to discuss Plaintiffs' Revised Model and Defendant's response thereto. *See* Order ¶ 2(b) (Aug. 2, 2007). At this time, due to previous commitments on the part of all participants during the month of October, the next Settlement Conference is tentatively scheduled for November 6 or 8, 2007.

**B. 1980 Award Phase I**

On August 29, 2007, Plaintiffs submitted to Defendant a Revised Economic Investment Model for the PJF 1980 Award Phase I (June 1980 - May 26, 1988) which took into consideration the methodology issues raised by Defendant in response to Plaintiffs' 1980 Award Economic Investment Model dated March 31, 2007. *See* Order ¶ 2(a) (Aug. 2, 2007). On September 7, 2007, counsel for Defendant informed counsel for Plaintiffs that Defendant will respond to Plaintiffs' Revised Model by conferring with Plaintiffs and their consultants. *See* Order ¶ 2(b) (Aug. 2, 2007). On September 12, 2007, Plaintiffs provided Defendant with the Exhibits to their 1980 Award Phase I Revised Economic Model in "native format" as requested by Defendant on September 10, 2007.

In addition, on September 4, 2007, counsel for the parties attended the first ADR Settlement Conference on the 1980 Award Phase I claims in this case in Washington, DC with Settlement Judge

Bruggink. Judge Bruggink is working with counsel to schedule the next Settlement Conference on the 1980 Award Phase I claims which will be attended by expert witnesses for both sides to discuss Plaintiffs' Revised Model and Defendant's response thereto. *See* Order ¶ 2(b) (Aug. 2, 2007). At this time, due to previous commitments on the part of all participants during the month of October, the next Settlement Conference is tentatively scheduled for November 6 or 8, 2007.

**C. 1980 Award Phase II**

1. The PJF 1980 Award Phase II time period consists of May 26, 1988 - September 30, 1992. Regarding the six White Earth Chippewa potential baseline transactions for this time period, the August 2, 2007 Order (¶ 3(d)) directed the Defendant "to use all reasonable efforts to locate source documents analogous to the type provided to other Phase II transactions to support the validity of the transactions . . . ." Further, under the Court's Order of June 29, 2007 (¶ 3(d)), Defendant was to have produced this documentation by August 31, 2007.

As reported previously, Defendant has provided Plaintiff with some validity documentation for all six of these White Earth transactions. For one of the transactions, Defendant also provided advice or evidence in the form of a GOALS report. The five remaining White Earth transactions remained unsolved with respect to advice or evidence. Defendant has proposed alternative means of resolving the advice or evidence needs and Plaintiff has agreed to consider documentation provided on or before October 1, 2007 as the sought advice or evidence. If the documentation provided does not fully resolve the issues, the parties will attempt to negotiate a resolution by November 5, 2007.

2. Regarding the non-member lineal descendants' potential baseline transactions for this time period, by August 22, 2007, the parties had developed a joint list of nine (9) transactions – one

receipt and eight disbursements. On September 1, 2007, as per the August 2, 2007 Order (¶ 3(e)), Defendant provided to Plaintiffs the Arthur Andersen CD ROM not previously provided to Plaintiffs for PJF non-member lineal descendants' transactions. Plaintiffs have reviewed the CD-ROM and have determined that it does not appear to contain a complete set of validating source documents (as per the validity criteria developed by Plaintiffs for settlement purposes and used to validate the baseline transactions for the 1964 Award and 1980 Award Phase I for settlement purposes) for all of the 9 transactions. Plaintiffs therefore are preparing a request to Defendant for such additional source documents and will submit that request to Defendant on or before September 17, 2007.

In addition, as with the other PJF baseline transactions, the Arthur Andersen CD ROM does not appear to contain the "advice or evidence" documentation for these 9 transactions which is part of the baseline transaction validation criteria developed by Plaintiffs for settlement purposes and used to validate the baseline transactions for the 1964 Award and 1980 Award Phase I for settlement purposes. During the parties' conference call on September 12, 2007, Plaintiffs requested the advice or evidence documentation for these 9 transactions.

As stated above, Defendant has proposed alternative approaches to resolving this advice or evidence issue and expects to provide such information on or before October 1, 2007. Plaintiffs have agreed to review any documentation provided on or before that date. If the advice or evidence presented does not fully resolve the issues, the parties will attempt to negotiate a resolution by November 5, 2007.

3. There are twelve (12) potential baseline transactions identified by Plaintiffs as being at issue for this time period.

a. Regarding the validity issues for these 12 transactions, as of September 5, 2007, the

parties have reached agreement at least for settlement purposes on the validity, including the dates and amounts, of all 12 transactions. *Compare* Order ¶s 3(a) and 3(b) (Aug. 2, 2007).

b. Regarding the "timing" issues for these 12 transactions, *compare* Order ¶3(c) (Aug. 2., 2007), this issue remains unresolved.

4. Further regarding the timing issue of baseline transactions for this time period, as directed by the Court's August 2, 2007 Order (¶ 5(b)), on August 22, 2007 the parties agreed on a joint list of four (4) receipt transactions to submit to OHTA for Defendant's "alternative approach to resolving timing issues" referred to in the last JSR (June 26, 2007) and in the August 2, 2007 Order (¶ 5). During the parties' conference call on September 12, 2007, the parties discussed the process and progress of OHTA's alternative approach and agreed that Defendant would report further on this matter at the TSC on September 17, 2007. *See* August 2, 2007 Order ¶ 5(a).

D. 1980 Award Phase III

1. The PJF 1980 Award Phase III time period consists of October 1, 1992 to December 31, 1995. Regarding the joint identification of potential baseline transactions for this time period, on August 31, 2007, as directed by the August 2, 2007 Order (¶ 4(a)), Defendant provided to Plaintiffs its categorization (distinguishing those transactions which affect the investable by the government balance of the PJF from those transactions which do not affect the "investable by the government" balance of the PJF) of the 128 potential baseline transactions previously identified by Plaintiffs for the non-member lineal descendant beneficiaries for this time period. Plaintiffs then reviewed this categorization and agreed with Defendant that based upon the government's coding and categorization of the 128 transactions, there appear to be 70 non-member lineal descendant transactions that arguably could affect the investable balance of

the PJF for this time period. Plaintiffs then combined these 70 transactions with the list of 431 potential baseline transactions previously identified by the parties for the other PJF beneficiaries for this time period for a combined total of 501 potential baseline transactions for all PJF beneficiaries for this time period.

On Wednesday, September 12, 2007, Plaintiffs provided to Defendant this list of 501 potential baseline transactions for this time period, as well as Plaintiffs' revised scoping proposal for selecting 113 of these 501 transactions for validation. Defendants is reviewing the list of 501 transactions and Plaintiffs' revised scoping proposal and expect to provide expects to provide its response to Plaintiffs on this matter on or before October 15, 2007.

2. Also on September 12, 2007, Plaintiffs submitted to Defendant its proposal for selecting receipt transactions from this time period for Defendant's proposed "alternative approach to resolving timing issues" *see* ¶ C(4), *supra*. Defendant is reviewing this proposal and expects to provide its response to Plaintiffs on this matter on or before October 1, 2007.

**E. 1980 Award Phase IV**

The PJF 1980 Award Phase IV consists of January 1, 1996 - present. As provided in the August 2, 2007 Order (¶ 6), "with respect to the 1980 Award Phase IV, no additional deadlines are established at this time . . . ."

**III. JOINT REQUEST TO RESCHEDULE OCTOBER 23 & 24 DEADLINES**

The August 2, 2007 Order (¶ 1), provides that a JSR shall be filed a TSC shall be held on Wednesday, October 24, 2007 at 2:00 p.m. EDT. Due to work schedule conflicts on the part of counsel for both parties, counsel jointly and respectfully request that these deadlines be rescheduled.

. Respectfully submitted on this 14th day of September, 2007.

/s/ Melody L. McCoy
MELODY L. MCCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Of Counsel:

Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor