IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 92-675 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | October 19, 2007 |
| Defendant. | ) | |

**JOINT STATUS REPORT**

This Joint Status Report is submitted pursuant to the Court's Order (¶ 1(b)) of September 17, 2007.

**I. BACKGROUND**

The Plaintiff Group, consisting of the beneficiaries of the 1964 and 1980 Pembina Judgment Fund ("PJF") Awards and their heirs, descendants, and successors-in-interest, and the Defendant, the United States of America, continue to be engaged in settlement negotiations with the objective of resolving Plaintiffs' PJF trust management claims.

**II. SPECIFIC MATTERS**

**A. 1964 Award**

As previously reported, Defendant has elected to respond to Plaintiffs' Revised Economic Investment Model for the PJF 1964 Award by conferring with Plaintiffs and their consultants. *See* Order ¶ 2(b) (Aug. 2, 2007). On October 3, 2007, Defendant submitted a list of specific inquiries to Plaintiffs regarding the methodologies and assumptions employed in the Revised Economic Investment Models for the 1964 and 1980 Awards. Counsel for the parties and their investment

consultants discussed Defendant's inquiries during a telephone conference held on October 11, 2007. On October 15, 2007, Defendant submitted a revised list of inquiries regarding the methodologies and assumptions employed in the Revised Economic Investment Models for the 1964 and 1980 Awards for Plaintiffs' further consideration. Plaintiffs anticipate providing written responses to the Defendant's inquiries on October 19, 2007.

Counsel for the parties, their investment consultants and agency representatives plan to discuss the issues framed by Plaintiffs' Revised Investment Economic Model and Defendant's analysis of the Model at the next scheduled ADR Settlement Conference before Settlement Judge Bruggink, which is scheduled to take place on November 8, 2007 at the Court of Federal Claims in Washington, D.C

**B. 1980 Award Phase I**

As previously reported, Defendant has elected to respond to Plaintiffs' Revised Economic Investment Model for the PJF 1980 Award Phase I by conferring with Plaintiffs and their consultants. *See* Order ¶ 2(b) (Aug. 2, 2007). On October 3, 2007, Defendant submitted a list of specific inquiries to Plaintiffs regarding the methodologies and assumptions employed in the Revised Economic Investment Models for the 1964 and 1980 Awards. Counsel for the parties and their investment consultants discussed Defendant's inquiries during a telephone conference held on October 11, 2007. On October 15, 2007, Defendant submitted a revised list of inquiries regarding the methodologies and assumptions employed in the Revised Economic Investment Models for the 1964 and 1980 Awards for Plaintiffs' further consideration. Plaintiffs anticipate providing written responses to the Defendant's inquiries on October 19, 2007.

Counsel for the parties, their investment consultants and agency representatives plan to

discuss the issues framed by Plaintiffs' Revised Economic Investment Model and Defendant's analysis of the Model at the next scheduled ADR Settlement Conference before Settlement Judge Bruggink, which is scheduled to take place on November 8, 2007 at the Court of Federal Claims in Washington, D.C.

**C. Document Inspection at the AIRR**

1. On September 19, 2007, Defendant provided Plaintiffs with the results of the Department of the Interior's ("Interior's") most recent Box Inventory Search System (" BISS") queries searching Tribal trust records maintained at the American Indian Records Repository ("AIRR") located in Lenexa, Kansas, for additional trust records relevant or potentially relevant to the outstanding PJF 1980 Award Phase II accounting issues and for records relevant to other PJF issues currently being considered by the parties, such as investment purchases and practices. Defendant invited Plaintiffs' comments and suggestions proposing new or additional search terms. Plaintiffs concurred with Defendant's choice of search terms and queries. Defendant's September 2007 BISS search generated a list of 134 boxes identified as containing relevant or potentially relevant trust records.

2. From September 26 to 28, 2007, Defendant's Department of Justice and Interior agency counsel reviewed the materials in all 134 boxes and designated materials relevant to outstanding PJF issues for imaging and coding. Defendant assigned priorities to the materials designated for imaging and coding to ensure that records potentially relevant to issues currently under discussion are processed first. Plaintiffs' counsel joined Defendants' counsel on September 27 and 28 for document inspection at the AIRR. The parties entered into a "non-waiver" of privilege agreement, whereby Plaintiffs' counsel acknowledged that in the interest of expediting Plaintiffs'

access to trust records that had not yet been subject to a privilege review, the parties agree that Defendant would not be deemed to have waived any privilege that might apply to any document or information reviewed by Plaintiffs. Defendant expects to begin providing Plaintiffs with imaged and coded documents from this inspection by November 2, 2007.

**D. 1980 Award Phase II**

1. The PJF 1980 Award Phase II time period consists of May 26, 1988 - September 30, 1992. When the parties last reported on this topic, five of the six White Earth potential baseline transactions identified for this time period were lacking source documents including "advice or evidence" under Plaintiffs' baseline transaction validity criteria . *See* JSR ¶ II ( C) (1) (Sept. 14, 2007). Since that time, Defendant has located and provided to Plaintiffs some additional White Earth source documents, including a sampling of NX queries that may serve as advice or evidence of the one "BB" transaction for this time period. Plaintiffs were provided with this additional documentation on October 16, 2007. Plaintiffs will review and respond to the additional documentation on October 19 , 2007. Plaintiffs' response will include an inquiry about whether they believe that there are any "timing" issues regarding the White Earth transactions identified for this time period based on the documentation that they have received to date. In the interest of expediting the parties' settlement efforts and concluding the baseline transaction work for this group of transactions, Defendant intends to propose, for settlement purposes only, a comprise solution for the outstanding "VS" transactions. Defendant expects to proffer the compromise solution on October 19, 2007, and Plaintiff expects to respond to Defendant's proposal on or before October 26, 2007.

2. Regarding the nine non-member lineal descendants' potential baseline transactions for this time period, Plaintiffs requested additional source documents for this group of transactions

on September 17, 2007. *See* JSR ¶ II ( C) (2) (Sept. 14, 2007). Defendant has located and provided to Plaintiffs documents that it believes verify what it sees as eight "BB" transactions in this group; which, if Defendant is correct, would leave only one "VS" transaction ($1,935.46) outstanding. Plaintiffs were provided with this additional documentation on October 18, 2007. Plaintiffs will review and respond to the additional documentation on or before on or before October 26, 2007. Despite continuing efforts, Defendant has not located supporting documents or advice or evidence for the "VS" transaction. In the interest of expediting the parties' settlement efforts and concluding the baseline transaction work for this group of transactions, Defendant intends to propose, for settlement purposes only, a comprise solution for the "VS" transaction. Defendant expects to proffer the compromise solution on October 19, 2007, and Plaintiff expects to respond to Defendant's proposal on or before October 26, 2007. Plaintiffs' response may include any "timing" issues for the non-member lineal descendants' baseline transactions for this time period based on the documentation that they have received to date.

3. There are twelve (12) potential per capita baseline transactions (eleven for Turtle Mountain and one for Little Shell) identified by Plaintiffs as being at issue for this time period.

a. Regarding the validity issues for these 12 transactions, as previously reported, *see* JSR ¶. II ( C) (3), as of September 5, 2007, the parties had reached agreement at least for settlement purposes on the validity, including the dates and amounts, of all 12 transactions. *Compare* Order ¶s 3(a) and 3(b) (Aug. 2, 2007).

b. Regarding the "timing" issues for these 12 transactions, *compare* Order ¶3(c) (Aug. 2., 2007), Defendant agrees that at least one of the transactions is in fact a reissuance of a previous disbursement. Regarding the eleven remaining transactions, Defendant intends to proffer a solution

that it believes will resolve the "timing" issues. In the interest of expediting the parties' settlement efforts and concluding the "timing" issue work for this group of transactions, Defendant expects to proffer this proposed solution and supporting details on October 19, 2007, and Plaintiff expects to respond to Defendant's proposal on or before October 26 , 2007.

3. Regarding Defendant's proposed alternative testing of receipt ("TS") transactions, *see* JSR ¶ II ( C) (4) (Sept. 14, 2007), Defendant expects to present to Plaintiffs the results of its work to date on testing these transactions for both Phase II and Phase III on October 30, 2007.

**E. 1980 Award Phase III**

1. The PJF 1980 Award Phase III time period consists of October 1, 1992 to December 31, 1995. As reported previously, the parties have identified a combined total of 501 potential baseline transactions for all PJF beneficiaries for this time period. *See* JSR ¶ II (D) (1) (Sept. 14, 2007). On September 12, 2007, Plaintiffs provided to Defendant this list of 501 potential baseline transactions for this time period, as well as Plaintiffs' revised scoping proposal for selecting 113 of these 501 transactions for validation. Defendant has analyzed Plaintiffs' revised scoping proposal and expects to provide a counter-proposal to Plaintiffs on October 19, 2007. Defendants' counter-proposal will outline three options for the Phase III scoping work and provide estimates of the time and expense associated with each option. Plaintiffs expect to respond to Defendant's counter-proposal on or before October 26, 2007

2. As reported previously, on September 12, 2007, Plaintiffs submitted to Defendant their proposal for selecting receipt "TS" transactions from this time period for Defendant's proposed "alternative approach to resolving timing issues" *See* JSR ¶ II (D) (2) (Sept. 14, 2007). As stated above, Defendant expects to present to Plaintiffs the results of its work to date on testing these

transactions for both Phase II and Phase III on October 30, 2007.

**F. 1980 Award Phase IV**

The PJF 1980 Award Phase IV time period consists of January 1, 1996 - present. As provided in the September 17, 2007 Order (¶ 4), "with respect to the 1980 Award Phase IV, no additional deadlines are established at this time . . . ."

**G. Agenda for the October 22, 2007 Telephone Status Conference**

During the October 22, 2007 Telephone Status Conference (TSC) with the Court, Defendant is prepared to continue the discussion initiated during the September 20, 2007 TSC regarding the issuance and processing of per capita checks and address questions raised by the Court. (*See* TR, Sept. 20, 2007, pp. 24-41.) Participants at the October 22nd TSC will include Teresa E. Dawson, Senior Counsel, Office of Chief Counsel, Financial Management Service, Department of the Treasury. Defendant fully anticipates that Ms. Dawson will be available at 2:00 p.m. EDT on October 22nd, but wanted to alert the Court to a possible scheduling conflict that could impact Ms. Dawson's availability. Ms. Dawson's presence will be required at the trial of *Cobell v. Kempthorne*, (D.D.C. 96-01285), on the morning of October 22, 2007. Ms. Dawson fully anticipates that her obligations at the *Cobell* trial will not extend past 12:00 p.m., but Defendant wants to alert the Court of the possible conflict.

Plaintiffs' accounting and investment consultant, Kevin Nunes of Rocky Hill Advisors, Inc., will also participate in the October 22nd status conference.

Respectfully submitted on this 19th day of October, 2007.

/s/ Melody L. McCoy
MELODY L. MCCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Of Counsel:

Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor