IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 92-675 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | February 19, 2007 |
| Defendant. | ) | |

## JOINT STATUS REPORT

This Joint Status Report (JSR) is submitted pursuant to the Court's Orders of November 19, 2007 (Doc. # 312) and January 18, 2008 (Doc. # 319).

### I. BACKGROUND

The Plaintiff Group, consisting of the beneficiaries of the 1964 and 1980 Pembina Judgment Fund ("PJF") Awards and their heirs, descendants, and successors-in-interest, and the Defendant, the United States of America, continue to be engaged in settlement negotiations with the objective of resolving Plaintiffs' PJF trust management claims.

### II. SPECIFIC MATTERS

### A. 1964 Award and 1980 Award, Phase I (March 1980 - May 26, 1988)

These claims have been assigned to Alternative Dispute Resolution (ADR) proceedings with Judge Eric Bruggink. *See* Order (¶2) of Aug. 2, 2007 (Doc. # 298). As reported previously in the JSR submitted on November 14, 2007 (Doc # 311), the parties conducted an in-person day-long ADR Settlement Conference on these claims before Judge Bruggink at the Court of Federal Claims in Washington, D.C on November 8, 2007.

On November 30, 2007, counsel for the parties participated in an ADR Settlement Telephonic Status Conference with Judge Bruggink, and reported on the parties' progress in performing additional work regarding the investment issues undertaken at Judge Bruggink's request. *See* Scheduling Order of November 8, 2007 (Doc. # 309). The next ADR session before Judge Bruggink on investment issues is scheduled for April 8, 2008 at the Court of Federal Claims in Washington, D.C. *See* Scheduling Order of February 12, 2008 (Doc. # 320).

On January 4, 2008, the parties filed a "Joint Motion to Continue Alternative Dispute Resolution Proceedings" before Judge Bruggink. (Doc. # 317). The parties reported their shared view that they have made "significant progress in addressing issues relating to the 1964 Award and 1980 Award Phase I" and that they anticipated making "similar strides" on the 1980 Award Phase II issues referred to Judge Bruggink for ADR under the Court's November 19, 2007 Order. (Doc. # 313)

In an Order dated January 18, 2008 (Doc. # 319), the Court granted the parties' joint motion and directed the referral to ADR to "continue until further order of the Court." The Court also directed the parties to report, on or before March 17, 2008 on the status of ADR proceedings, and in particular on whether the parties request that the 1964 Award and the 1980 Award, Phases I and II remain before Judge Bruggink for settlement purposes.

Pursuant to the Court's January 18, 2008 Order, the parties hereby report that they continue to make significant strides on all matters currently before Judge Bruggink for settlement purposes and therefore hereby request that 1964 Award and the 1980 Award Phase I and Phase II issues all remain before Judge Bruggink for further ADR proceedings.

**B. 1980 Award Phase II (May 27, 1988 - September 30, 1992)**

These claims have been assigned to ADR proceedings with Judge Eric Bruggink. *See* Order (¶2) of Nov. 19, 2007 (Doc. # 313) and Jan. 18, 2008 (Doc. # 318). The parties conducted an in-person day-long ADR Settlement Conference on these claims before Judge Bruggink at the Court of Federal Claims in Washington, D.C on February 12, 2008. Attending the ADR Settlement Conference for the Plaintiffs were Melody McCoy, Native American Rights Fund, and Kevin Nunes, Rocky Hill Advisors, Inc. Attending for Defendant were Carol Draper and Jacob Haseman, U.S. Department of Justice; Elisabeth Brandon, U.S. Department of the Interior, Solicitor's Office; Alyce Schiess, and Adam Schaffer, Dept of the Interior, Office of Historical Trust Accounting; Emmet Griner, Manager, Deloitte & Touche, LLP;; Keith Mann, Consultant, Booz Allen Hamilton; and James Hammond, Director, Government Service, Deloitte & Touche, LLP. At the conclusion of the ADR session, the parties agreed to continue discussions on the 1980 Award Phase II issues and exchange additional information before the next ADR session with Judge Bruggink. On March 10, 2008, the parties will confer during a Telephonic Status Conference with Judge Bruggink regarding the scheduling of the next ADR session on Phase II issues. *See* Scheduling Order of February 12, 2008 (Doc. # 320).

**C. 1980 Award Phase III (October 1, 1992 to December 31, 1995)**

The parties exchanged document production requests on Phase III transactions on December 7, 2007. *See* Orders dated Nov. 18, 2007 (Doc. # 312); Nov. 28, 2007 (Doc. # 314); and, Nov. 29, 2007 (Doc. # 316). The parties are working to provide responsive documents by the March 7, 2008 date established by the Court.

**D. 1980 Award Phase IV (January 1, 1996 to present)**

With respect to the 1980 Award, Phase IV, the parties report as follows:

a. On November 21, 2007, Plaintiffs submitted to Defendant their list of potential baseline transactions for the period ending August 31, 2005;

b. On December 12, 2007, Defendants responded to Plaintiffs' list of potential baseline transactions;

c. On January 10, 2008, Plaintiffs replied to Defendant's response;

d. After further discussions and exchanges of information, the parties are now in agreement on a universe of 330 potential baseline transactions for the period from January 1, 1996 to August 31, 2005. Plaintiffs deferred, with Defendant's concurrence, submitting a scoping proposal for the Phase IV transactions, because the transactions for the period from September 1, 2006 to December 31, 2007 were not included in the steps described above. The parties agree that all Phase IV transactions for which data is available[1] should be included in a single scoping proposal and are continuing to work toward that end, as described next.

e. On January 25, 2008, Defendant provided Plaintiffs with a "common data set" of potential baseline transactions for the remaining Phase IV time period for which such data is available ( September 1, 2005 to December 31, 2007).

f. Plaintiffs are currently reviewing the data provided on January 25, 2008, and the parties respectfully request that the Court adopt the following dates for further joint work on Phase IV:

---

[1] Although Phase IV is described as continuing to the present, transactions can only be included as transactions are completed and data becomes available. Give the situation, the parties are exploring reasonable means of addressing this issue.

1. On February 22, 2008, Plaintiffs will submit to Defendant their list of potential baseline transactions for the Phase IV time period September 1, 2005 - December 31, 2007

2. Defendant will respond to Plaintiffs' list with any additions or corrections by March 11, 2008.

3. Plaintiffs will reply to Defendant's response to Plaintiffs' list by March 18, 2008.

4. Within 10 business days after March 18, 2008 (*i.e.,* April 1, 2008), the parties will agree on a final population of potential baseline transactions for Phase IV and a timeline for presenting and responding to a scoping proposal for Phase IV.

Respectfully submitted on this 19th day of February, 2008.

/s/ Melody L. McCoy
MELODY L. MCCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Of Counsel:

Elisabeth C. Brandon
Department of the Interior
Office of the Solicitor

Teresa E. Dawson
Office of the Chief Counsel
Financial Management Service
U.S. Department of the Treasury