# In the United States Court of Federal Claims

No. 92-675 L

(E-Filed: June 5, 2008)

| | |
|---|---|
| CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al. | ) |
| Plaintiffs, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Further to the telephonic status conference (TSC) with the parties held on June 4, 2008 and the parties' Joint Status Report filed on June 3, 2008 (JSR), the court orders the following, which supplements the court's previous orders of December 19, 2006, February 7, 2007, February 16, 2007, March 16, 2007, May 1, 2007, June 29, 2007, August 2, 2007, September 17, 2007, October 22, 2007, October 23, 2007, November 19, 2007, February 20, 2008, and April 15, 2008.[1]

The parties shall submit a JSR on Tuesday, July 1, 2008. A TSC shall be held on Wednesday, July 2, 2008 at 11:00 a.m. EDT. The parties' progress with respect to the 1980 Award Phase III and IV, as well as the general status of the ADR process, shall be addressed in the parties' JSR and will be discussed during the TSC.

1. With respect to the 1980 Award Phase III (October 1, 1992 - December 31, 1995):

   a. Defendant shall, on or before Friday, June 6, 2008, provide plaintiffs with source documents for the 11 disbursement transactions and 2 receipt

[1]This order was prepared without the aid of a transcription of the TSC. If the parties believe that any aspect of the order is inconsistent with the TSC, they are requested to contact chambers by a joint telephone call and so advise.

transactions of the 113 transactions identified by plaintiffs as having missing source documents.

b. Plaintiffs shall, on or before Tuesday, June 10, 2008, provide defendant with a written reply to defendant's proposals for dealing with the 7 disbursements and the 5 receipts of the 113 transactions identified by plaintiffs as having date or amount discrepancies.

c. The parties shall, not later than Friday, June 20, 2008, conduct a conference call to discuss the impact of the results of the Phase II baseline transactions "timing issues" on the Phase III timing issues.

d. Defendant shall, on or before Friday, June 6, 2008, respond to plaintiffs' concern about how the validity of the 388 potential baseline transactions not selected for source document request and production will be determined for economic modeling purposes for settlement negotiation purposes by June 6, 2008.

3. With respect to the 1980 Award Phase IV (January 1, 1996 - present):

a. As described in the April 15, 2008 Order, the parties shall make every effort to agree, on or before June 20, 2008, on a final population of potential baseline transactions for Phase IV for which plaintiffs shall request source documents from defendant, and a timeline for presenting and responding to such request.

b. The parties shall continue to confer and report on their progress in reaching agreement on addressing the "continuing" nature of Phase IV.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge