# In the United States Court of Federal Claims

No. 92-6751 L

(Filed: August 7, 2008)

GOPHER, MELINDA and MARY GOPHER )

Proposed Intervenors, )

and )

CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al., )

Plaintiffs, )

v. )

THE UNITED STATES, )

Defendant. )

Mary Gopher, Missoula, MT, pro se.

Melody L. McCoy, Boulder, CO, for plaintiff.

Carol L. Draper, with whom was Ronald J. Tenpas, Assistant Attorney General, Natural Resources Section, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant. Elisabeth C. Brandon, Office of the Solicitor, United States Department of the Interior, Washington, DC, of counsel. Teresa E. Dawson, Financial Management Service, United States Department of Treasury, Washington, DC, of counsel.

## ORDER

Before the court is proposed intervenor's Application to Proceed In Forma Pauperis (Application) filed by Mary Gopher on July 15, 2008.

I. Statutory Scheme

In forma pauperis (IFP) applications seek to invoke the court's power to "authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1) (2006). Specifically,

> any court of the United States may [waive an applicant's fees] by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Id. (emphasis added).[1]

II. Background

On April 29, 2008, proposed pro se intervenors, Melinda Gopher and Mary Gopher, submitted a Motion to Intervene (Motion) in Chippewa Cree Tribe of the Rocky Boy's Reservation, et al. v. United States, Case No. 92-675. The court ordered that the

---

[1]Although the language of the statute, by alternating between "person" and "prisoner," immediately raises the issue of whether it applies to all persons or only to prisoners, courts generally accept that it applies to all persons. See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) ("Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."); Floyd v. U.S. Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997) ("Having reviewed the legislative history of the [Prison Litigation Reform] Act, applied the basic axioms of statutory interpretation, and used a little common sense, we conclude that [28 U.S.C.] § 1915 permits individuals who are not incarcerated to continue to proceed as paupers in federal court."); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997) (holding that "the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed [IFP]"). For further discussion, see Hayes v. United States, 71 Fed. Cl. 366, 367 (2006) ("The court . . . holds that the right to petition a federal court to proceed in forma pauperis applies to both prisoners and non-prisoners.").

The statute also specifies that the functions defined under 28 U.S.C. § 1915 (2006), including waiver of the requirement to prepay filing fees, may be authorized by "any court of the United States." § 1915(a)(1). The statutory meaning of "court of the United States" includes the United States Court of Federal Claims. See, e.g., Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (reciting that the Court of Federal Claims granted a petition to proceed in forma pauperis); Heuss v. United States, 75 Fed. Cl. 636 (2007) (order granting in forma pauperis application). For further explanation, see Hayes, 71 Fed. Cl. at 367-68.

Clerk of the Court designate a subdocket and file proposed intevenor's Motion in the subdocket. Order of Apr. 29, 2008. The court also ordered the proposed intervenors to complete their motion to intervene by filing their proposed pleadings. Id. Proposed intervenors submitted their proposed pleadings, along with Motions to Proceed In Forma Pauperis (IFP Motions), on June 27, 2008. See Order of July 3, 2008. On July 3, 2008, the court directed the Clerk of the Court to file proposed intervenors' pleadings and IFP Motion. Id. Because their IFP Motions did not include the required information, the court also directed the proposed intervenors to file and serve Applications to Proceed In Forma Pauperis. Id. Proposed intervenors filed their Applications to Proceed In Forma Pauperis on July 15, 2008. Application 1. The court addresses the Application of Mary Gopher in this order and the Application of Melinda Gopher in a separate order filed on this date.

The court notes that the Application is incomplete because proposed intervenor failed to describe the nature of her action or the issues that she intends to present. Id. However, the court infers proposed intervenor's answers to that section of the Application from the pleadings filed on July 3, 2008 and does not require that proposed intervenor file a revised Application to Proceed In Forma Pauperis. See Part III.B.

According to proposed intervenor's Application, Ms. Gopher is presently unemployed. Application 1. Applicant states that within the last twelve months she has not received any money. Id. Applicant does not own any cash, or have money in checking, savings, or any other accounts. Id. at 2. Applicant does not own any real estate, stocks, bonds, notes, automobiles or other valuable property. Id. Applicant states that one individual is dependent upon her and that she contributes an amount varying from zero to $500 per month toward this individual's support. Id.

## III. Discussion

### A. Proposed Intervenor Meets the Requirement of Poverty

The threshold for a motion to proceed in forma pauperis is not high: the statute requires that the applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "unable to pay such fees" means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948) ("We think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" (alteration in original)); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) ("When considering a motion filed pursuant to § 1915(a), '[t]he only determination

to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" (alterations in original) (quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976))); Hayes v. United States, 71 Fed. Cl. 366, 369 (2006) ("The provision for waiving prepayment of filing fees provided by 28 U.S.C. § 1915 is not intended to take effect only after the applicant has exhausted all of his or her resources.").

Proposed intervenor states that she does not receive any income at this time. Application 1. The 2008 Department of Health and Human Services Poverty Guidelines (Poverty Guidelines) define a two-person family with an income below $14,000.00 per year as a family living in poverty. Annual Update of the HHS Poverty Guidelines, 73 Fed. Reg. 3,971 (Jan. 23, 2008) (Annual Update).

The proposed intervenor lives in poverty. The court finds that payment of the fee would constitute a hardship on proposed intervenor.

B. Proposed Intervenor Meets the Procedural Requirements of Section 1915

The statute requires that the applicant submit an affidavit listing all assets possessed by the applicant, declaring "that the person is unable to pay such fees," and declaring "affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Proposed intervenor has listed her assets and stated that "because of my poverty, I am unable to pay such fees . . . [and] I believe I am entitled to relief. " Application 1.

The IFP affidavit must also state "the nature of the action, defense or appeal." 28 U.S.C. § 1915(a)(1). Proposed intervenor has not stated the nature of her claim in her Application, but the court infers the nature of her claim from proposed intervenor's pleadings filed on July 3, 2008. Proposed intervenor alleges that she has a claim to intervene pursuant to Rule 24 of the Rules of the United States Court of the Federal Claims (RCFC) in Case No. 92-675 L, Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States. Complaint Alleging Right to Intervene in Re: Chippewa Cree Tribe of the Rocky Boy['s] Reservation v. U.S. 92-675 L (filed July 3, 2008)0 1.

Proposed intervenor has adequately met the procedural requirements of section 1915.

IV. Conclusion

For the foregoing reasons, proposed intervenor's Application is GRANTED.

A copy of this order shall be filed electronically in Case No. 92-675 L.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge