IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, et al.,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No. 92-675 L
Judge Emily C. Hewitt

August 25, 2008

**JOINT STATUS REPORT**

The parties submit this Joint Status Report (JSR) pursuant to the Court's Order of July 2, 2008 (Dkt. No. 337).

## I. BACKGROUND

The Plaintiff Group, consisting of the beneficiaries of the 1964 and 1980 Pembina Judgment Fund ("PJF") Awards and their heirs, descendants, and successors-in-interest, and the Defendant, the United States of America, continue to be engaged in settlement negotiations with the objective of resolving Plaintiffs' PJF trust management claims.

## II. SPECIFIC MATTERS

### A. 1964 Award and 1980 Award, Phase I (March 1980 - May, 1988)

These claims have been assigned to Alternative Dispute Resolution ("ADR") proceedings before Judge Eric Bruggink. *See* Order (¶2) of Aug. 2, 2007 (Dkt. No. 298). As reported previously (JSR dated July 1, 2008, Dkt. No. 336), the parties were scheduled to have their next ADR session with Judge Bruggink on the 1980 Award Phase I claims on August 20, 2008 at the Court of Federal Claims in Washington, DC. Due to temporary contract funding issues with Defendant's contractor,

however, which now have been resolved, this next session has been rescheduled to October 7-8, 2008 at the CFC in Washington, DC.

In addition, at their ADR session on the 1980 Award Phase I claims conducted on June 23-24, 2008 in Montgomery, Alabama, the parties agreed to exchange with each other and submit to Judge Bruggink briefs on key agreed-upon investment and damages issues. According to the most-recent agreed-upon schedule, the parties will exchange and submit simultaneously Opening Briefs on September 15, 2008 and Reply Briefs on September 25, 2008. At the October 7-8, 2008 ADR session, Judge Bruggink will hear oral argument on these issues.

At the October 7-8, 2008 ADR session, the parties expect to discuss the scheduling of future ADR sessions regarding the 1964 Award claims, further work on which at this time is on hold so that the parties can focus on the 1980 Award Phase I issues.

**B. 1980 Award Phase II (May 26, 1988 - September 30, 1992)**

These claims also are in ADR proceedings before Judge Bruggink. *See* Orders (¶2) of Nov. 19, 2007 (Dkt. No. 313) and Jan. 18, 2008 (Dkt. No. 318). As reported previously (JSR dated July 1, 2008, Dkt. No. 336), at their June 10, 2008 ADR session held at the CFC in Washington, DC, the parties reached an agreement on the 1980 Award Phase II transactional issues that allows settlement discussions to move forward to Phase II investment issues. Like the 1964 Award investment issues, however, further work on the Phase II investment issues is on hold at this time so that the parties can focus on the 1980 Award Phase I issues. At the October 7-8, 2008 ADR session, the parties expect to discuss the scheduling of future ADR sessions regarding the Phase II investment issues.

**C. 1980 Award Phase III (October 1, 1992 to December 31, 1995)**

Pursuant to the Court's Order of July 2, 2008 (Dkt. No. 337), these claims now also are in

ADR proceedings before Judge Bruggink. On August 21, 2008, the parties had their first ADR session before Judge Bruggink at the CFC in Washington, DC on Phase III transactional issues. *See* ADR Scheduling Order of July 10, 2008 (Dkt. No. 339), as modified by Minute Order dated July 29, 2008. At the end of the August 21, 2008 session, a follow-up session on Phase III transactional issue to be conducted by teleconference between the parties and before Judge Bruggink was tentatively scheduled for Thursday, August 28, 2007**.**

**D. 1980 Award Phase IV (January 1, 1996 to December 31, 2007 or to present)**

Pursuant to the Court's Order dated July 2, 2008 (Dkt. No. 337), on July 11, 2008 Plaintiffs served on Defendant a discovery request for production of documents related to 15 receipt transactions jointly identified by the parties as being potential baseline transactions for this time period. Under RCFC 34(b), Defendant had 30 days after service to respond to this request, or to and including August 11, 2008. Plaintiffs' counsel agreed to extend the discovery response date to August 25, 2008 due to the travel schedules and other conflicts on the part of Defendant's counsel. In addition, while conducting its search for source documents for the 15 receipts addressed through formal discovery, Defendant also searched for source documents for the 6 additional receipts that Defendant agreed to provide without formal discovery. On August 25, 2008, Defendant encountered additional unexpected delays and Plaintiffs' counsel agreed to an additional day for discovery response. It thus is anticipated that source documents for receipt transactions jointly identified and scoped for source document validity testing will be provided to Plaintiffs' counsel on August 26, 2008.

Following the conclusion of the source documents production for the Phase IV receipt transactions, the parties will turn their attention to finalizing an agreed-upon timeline for production

of the 41 disbursement transactions jointly identified and jointly scoped for source document validity testing for Phase IV.

## III. ADDITIONAL MATTERS

On April 24, 2008, Proposed Intervenors Mary and Melinda Gopher filed a Motion to Intervene in this action. Based on the Motion to Intervene, this Court created a subdocket case, *Chippewa Cree Tribe, et al. v. United States*, No. 92-6751. Pursuant to the Court's Scheduling Order (SubDkt. No. 4), Proposed Intervenors filed a Complaint and Memorandum in Support of Complaint on July 3, 2008 (Subdkt. No. 6). On August 7, 2008, the Court granted Proposed Intervenors' Motions for Leave to Proceed in Forma Pauperis. (Subdkt. No. 9).

By Scheduling Order dated August 7, 2008 (Subdkt No. 11), the Court established an August 22, 2008 deadline for Plaintiffs and Defendant to respond to the Motion to Intervene and an August 29, 2008 deadline for Proposed Intervenors to reply. By Revised Joint Motion filed in paper copy in the subdocket case on August 22, 2008, Plaintiffs and Defendant requested an enlargement of time to and including September 30, 2008 by which they must respond to the Motion to Intervene, and enlarging the time by which Proposed Intervenors must reply to and including October 30, 2008. The Revised Joint Motion is pending before the Court.

Respectfully submitted on this 25th day of August, 2008.

/s/ Melody L. McCoy
MELODY L. MCCOY
Attorney of Record for Plaintiffs
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Fax (303) 443-7776

/s/ Carol L. Draper
CAROL L. DRAPER
Attorney of Record for Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Of Counsel:

Dawn Sturdevant Baum
Native American Rights Fund
1712 N St., N.W.
Washington, DC 20036
Tel: (202) 785-4166
Fax: (202) 822-0068

Of Counsel:

Elisabeth C. Brandon
Joshua A. Edelstein
Department of the Interior
Office of the Solicitor

Thomas Kearns
Department of the Treasury
Office of Chief Counsel
Financial Management Service
Washington, D.C. 20217